

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Federal Courthouse*
*Room A330*
*17 South Park Row*
*Erie, Pennsylvania 16501-1158*     *814/452-2906*

October 26, 2005


The Honorable Sean J. McLaughlin
Judge, United States District Court
for the Western District of Pennsylvania
Federal Courthouse
17 South Park Row
Room A250
Erie, Pennsylvania 16501

Re:  U.S. v. Barry Wayne Lewis
     Criminal No. 05-24 Erie

Dear Judge McLaughlin:

At issue before the Court is whether Deputy Sorensen had reasonable suspicion to justify an investigative stop under <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).

However, during the suppression hearing, undersigned counsel understood the defendant to suggest that a <u>Fifth Amendment</u> violation -- as distinct from a Fourth Amendment violation -- requires suppression of the rifle. Such an argument would surmise that, if the defendant was "in custody" when Deputy Sorensen approached him, then, because the defendant did not receive <u>Miranda</u> warnings before turning the rifle over, it must be suppressed. The Third Circuit has soundly rejected this proposition and has held that a gun seized as a result of a non-Mirandized statement is properly admissible. <u>United States v. DeSumma</u>, 272 F.3d 176, 180-81 (3rd Cir. 2001) (Fifth Amendment prevents use of the non-Mirandized statement rather than the introduction of derivative evidence).

Moreover, to suppress the rifle, and the defendant's statement, under these circumstances would improperly penalize officers for asking the very questions which are the most crucial to their efforts to protect themselves and the public. <u>New York v. Quarles</u>, 467 U.S. 649, 656-60 (1984). And, just as the Fourth Amendment permits an officer to frisk for weapons under <u>Terry v. Ohio</u>, 392 U.S. 1, 21 (1968), <u>Miranda</u> does not apply where safety is at issue. <u>Quarles</u>, 467 U.S. 649; <u>DeSumma</u>, 272 F.3d at 181.

Again, in this case, the issue before the Court arises under the Fourth Amendment. The evidence showed that, based upon his observations, Deputy Sorensen reasonably believed that the defendant carried a concealed rifle. Under Fourth Amendment analysis, he could have properly frisked the defendant. <u>Terry</u>, 392 U.S. at 27-28. And, in permitting frisks, <u>Terry</u> does not prohibit an officer from asking questions. <u>Id</u>. at 23, 25; <u>Florida v. Bostick</u>, 501 U.S. 429 (1991).

When Deputy Sorensen asked the defendant what was in the bag, the defendant handed the rifle over to him. So, Deputy Sorensen had no need to frisk the defendant to obtain the rifle. This mere fact, coupled with an absence of <u>Miranda</u> warnings, does not require -- or permit -- suppression of either the rifle or the defendant's statements. Any suggestion to the contrary would contradict established case law.


Very truly yours,

MARY BETH BUCHANAN
United States Attorney

*[signature]*

CHRISTINE A. SANNER
Assistant U.S. Attorney

cc:   Thomas W. Patton
      Assistant Federal Public Defender