**FEDERAL PUBLIC DEFENDER**
**WESTERN DISTRICT OF PENNSYLVANIA**
1111 RENAISSANCE CENTRE
1001 STATE STREET
ERIE, PENNSYLVANIA 16501
PHONE: 814/455-8089
FAX: 814/455-8624

**LISA B. FREELAND**                                                                      **THOMAS W. PATTON**
*Federal Public Defender*                                                             *Assistant Federal*
                                                                                                      *Public Defender*

October 28, 2005

Honorable Sean J. McLaughlin
United States District Judge
United States Courthouse
17 South Park Row
Erie, PA 16501

    Re:    USA v. Barry Lewis
            Criminal No. 05-24 Erie

Dear Judge McLaughlin:

      Last term the United States Supreme Court held that a failure to give a suspect Miranda warnings does not require suppression of physical fruits of the suspect's unwarned but voluntary statements. United States v. Patane, 124 S.Ct. 2620 (2004). Counsel for Mr. Lewis was familiar with Patane when he filed the motion to suppress and, therefore, did not argue that the rifle should be suppressed as a result of the failure to Mirandize Mr. Lewis. Counsel did not argue at the suppression hearing that the rifle should be suppressed as a result of the failure to Mirandize Mr. Lewis at the scene of his arrest.

      It has been, and remains Mr. Lewis' position that he was seized by Deputy Sorensen when Deputy Sorensen blocked Mr. Lewis' path by pulling his marked police vehicle directly in front of Mr. Lewis, activated the flashing lights on top of the marked police vehicle, and then questioned Mr. Lewis about the contents of the bag Mr. Lewis was carrying. Because Deputy Sorensen did not have an articulable suspicion that Mr. Lewis was engaging in criminal conduct at the time of the seizure, the seizure violated Mr. Lewis' Fourth Amendment right to be free from unreasonable seizures, and the rifle must be suppressed as the fruit of the unlawful seizure. Additionally, all of Mr. Lewis' subsequent statements to law enforcement must be suppressed as the government has never even attempted to argue that the taint of the illegal seizure was somehow purged prior to the statements being obtained.

      The Fifth Amendment issue raised in the motion to suppress and argued at the suppression hearing is addressed solely to statements obtained from Mr. Lewis by Deputy Sorensen and Officer Gulnac during custodial interrogation of Mr. Lewis at the scene of the seizure. Interestingly enough, in Patane the government conceded that statements obtained by the suspect at the scene of the seizure which were not preceded by the required Miranda warnings were inadmissible at trial. Patane, 124 S.Ct. at 2625 n.1. Of course, if the Court finds a Fourth Amendment violation it need not even address the Fifth Amendment issue.

Honorable Sean J. McLaughlin
October 28, 2005
Page Two

        Very truly yours,

        /s/ Thomas W. Patton
        Thomas W. Patton
        Assistant Federal Public Defender

cc:    Christine A. Sanner, AUSA