IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-24 Erie |
| | ) | |
| BARRY WAYNE LEWIS | ) | |

**DEFENDANT BARRY WAYNE LEWIS' MOTION TO DISMISS INDICTMENT WITH PREJUDICE FOR SPEEDY TRIAL ACT VIOLATION**

AND NOW, comes the defendant, Barry Wayne Lewis, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully moves the Court to Dismiss Indictment With Prejudice For Speedy Trial Act Violation. In support thereof Counsel states:

1. Mr. Lewis is charged in a one count indictment with being a prohibited person in possession of a firearm in violation of Title 18 U.S.C. § 922(g).

2. Mr. Lewis was arraigned on the charge on May 27, 2005, and entered a not guilty plea which started the 70-day speedy trial clock pursuant to the Speedy Trial Act (STA),18 U.S.C. § 3161(c)(1). United States v. Willaman, 437 F.3d 354, 357 (3rd Cir. 2006).

3. On June 6, 2005, Mr. Lewis filed a sealed, pretrial motion which stopped the running of the speedy trial clock. Up to that point, 9 days had run on the 70-day clock.

4. From June 6, 2005 through January 23, 2006, the speedy trial clock was tolled due to motions to extend the time to file pretrial motions, the filing of the defendant's motion to suppress, and finally, the defendant's motion to continue the case to the January 23, 2006, trial calendar.

5. On January 19, 2006, defense counsel filed a motion for hearing to determine defendant's competency.

6. On January 19, 2006, the Court entered an Order for Psychiatric or Psychological

Examination committing Mr. Lewis to the custody of the Attorney General so that a psychiatric or psychological examination could be conducted and a report prepared to assist the Court in determining Mr. Lewis' competency.

7. As of March 16, 2006, Mr. Lewis had not yet been transported to a suitable facility for the psychiatric or psychological examination. Accordingly, this Court entered an order on March 16, 2006, ordering the United States Marshals Service to immediately confer with the Bureau of Prisons to determine the location of the psychological examination and to immediately transport Mr. Lewis to that location.

8. Mr. Lewis arrived at the Metropolitan Correctional Center New York for the psychiatric or psychological examination on March 28, 2006, 68 days after the Court entered its original order.

9. The Court received a letter from Marvin D. Morrison, Warden, Metropolitan Correctional Center New York, dated April 3, 2006, indicating that Mr. Lewis had not arrived at MCC New York until March 28, 2006, and asking that the BOP have 30 days from the date of Mr. Lewis' arrival to conduct the psychological evaluation. The Warden also offered an expedited evaluation if requested. This Court promptly responded by requesting an expedited evaluation.

10. On April 27, 2006, Dr. William J. Ryan, the psychologist who conducted Mr. Lewis' competency evaluation, sent a memorandum to Acting Inmate Systems Manager C. Liwag at MCC New York informing Mr. Liwag that Mr. Lewis' evaluation was completed and that the United States Marshals Service should be informed that Mr. Lewis was available to be returned to his designated facility. According to the Erie County Prison, Mr. Lewis arrived back at the Erie County Prison on May 18, 2006. Thus, 21 days passed from the time the psychological evaluation of Mr. Lewis was completed and his return to Erie.

11. On May 26, 2006, this Court held a competency hearing and found Mr. Lewis to be incompetent to stand trial. That same date the Court ordered Mr. Lewis committed to the custody of the Attorney General for treatment in a suitable facility for a reasonable period of time, not to exceed four months to determine if Mr. Lewis could be returned to competency.

12. Mr. Lewis arrived at the United States Medical Center for Federal Prisoners, Springfield, Missouri on June 22, 2006, 27 days after this Court ordered Mr. Lewis into the custody of the Attorney General.

13. On November 15, 2006, J.E. Gunja, Warden, United States Medical Center for Federal Prisoners, Springfield, Missouri, certified in accordance with 18 U.S.C. § 4241(e) that Mr. Lewis was competent to proceed with the criminal case. On November 9, 2006, the Bureau of Prisons sent a facsimile to the United States Marshals Services' office in Pittsburgh notifying the Marshals Service that Mr. Lewis was available to be returned to his designated facility.

14. Mr. Lewis did not return to the Erie County Prison until December 20, 2006, 42 days after the Marshals Service was notified that Mr. Lewis was available for transportation.

15. This Court has set a competency hearing for Monday, January 29, 2007, at 1:30 p.m.

16. Title 18 U.S.C. § 3161(h)(1)(A) states that the "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" shall be excluded in computing the time within which the trial must commence.

17. Title 18 U.S.C. § 3161(h)(1)(H) states that any "delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be

unreasonable" shall be excluded in computing the time within which the trial must commence.

18. The period of time between January 19, 2006, the date the Court ordered a psychiatric or psychological examination, and March 28, 2006, the date Mr. Lewis arrived at MCC New York for the evaluation, is governed by 18 U.S.C. § 3161(h)(1)(H), not by § 3161(h)(1)(A). United States v. Noone, 913 F.2d 20, 25 n.5 (1st Cir. 1990); United States v. Taylor, 821 F.2d 1377, 1384 (9th Cir. 1987), rev'd on other grounds, 487 U.S. 326, 108 S.Ct. 2413 (1988); United States v. Castle, 906 F.2d 134, 137 (5th Cir. 1990); United States v. Williamson, 409 F.Supp2d 1105, 1106-07 (N.D. IA 2006). The First Circuit explained in Noone that "[a]ny other interpretation would render mere surplusage the specific reference in subparagraph (h)(1)(H) to transport 'to and from places of examination or hospitalization.'" Noone, 913 F.2d at 25 n.5 (citing Committee on the Administration of the Criminal Law, Judicial Conference of the United States, Guidelines to the Administration of the Speedy Trial Act of 1974, as Amended, at 31 ("STA Guidelines).

In the STA Guidelines' discussion of the exclusion of time under the STA for proceedings to determine a defendant's competency pursuant to § 3161(h)(1)(A), it warns that "unreasonable delay in transporting a defendant to or from an institution at which the examination takes place may serve to reduce the amount of excludable time" and refers the reader to the Guidelines' discussion of § 3161(h)(1)(H). STA Guidelines, at 31. The STA Guidelines' discussion of § 3161(h)(1)(H), states

> In many instances, time consumed in a defendant's transportation is included within another exclusion. For example, transportation to and from places of examination will come between the filing of a motion for a determination of incompetency and the hearing thereon. In other cases, however, this subparagraph will provide independent ground for an exclusion. **In both classes of cases, the language dealing with the time consumed in excess of ten days creates a rebuttable presumption that the excess time was unreasonable and is therefore**

**not to be excluded.**

STA Guidelines, at 43 (emphasis added).

The Second Circuit has found that § 3161(h)(1)(H) does not control, and that pursuant to § 3161(h)(1)(A) all of the time from the filing of a motion to determine a defendant's competency until the hearing on the motion is excludable regardless of whether or not the defendant is promptly transported. United States v. Vasquez, 918 F.2d 329, 333 (2nd Cir. 1990). No other circuit has adopted the Second Circuit's rationale as it is clearly at odds with the statutory language of the STA. The Vasquez court based its ruling on the Supreme Court's opinion in Henderson v. United States, 476 U.S. 321, 106 S.Ct. 1871 (1986), but that case did not even discuss § 3161(h)(1)(H). In Henderson the Supreme Court held that § 3161(h)(1)(F) of the STA which excludes from the 70-day speedy trial clock "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on" the motion, excludes all the time between the filing of the motion and the completion of the hearing on the motion regardless of whether that period of time was reasonable. Henderson, 476 U.S. at 330, 106 S.Ct. 1876. The Supreme Court found that, since § 3161(h)(1)(F) did not contain an explicit reasonableness requirement while other sections of the STA did, Congress did not intend to impose a reasonableness requirement in § 3161(h)(1)(F). What Vasquez fails to realize, however, as found by the First Circuit in Noone, the Ninth Circuit in Taylor, and the Fifth Circuit in Castle, is that § 3161(h)(1)(H) carves out a specific exception to excludable time when the defendant must be transferred between judicial districts or examinations or hospitalizations. Thus, unlike in Henderson, Congress did impose a specific reasonableness limitation on the time to transport defendants to and from evaluations and hospitalizations. The Second Circuit's holding is also at odds with the STA Guidelines issued by the Judicial Conference

of the United States. For those reasons, Vasquez is not persuasive.

19. Sixty-eight days passed between the time this Court ordered Mr. Lewis' competency evaluation and his arrival at MCC New York. Pursuant to § 3161(h)(1)(H), 58 days of that time is presumptively unreasonable and is not excludable from the 70 day speedy trial clock.

20. Twenty-one days passed between the time Mr. Lewis' psychological evaluation concluded and his arrival back in Erie. Pursuant to § 3161(h)(1)(H), 11 days of that time is presumptively unreasonable and is not excludable from the 70-day speedy trial clock.

21. On May 26, 2006, this Court found Mr. Lewis not competent to stand trial and ordered Mr. Lewis into the custody of the Attorney General for a reasonable period, not to exceed four months, to determine if Mr. Lewis could be restored to competency. The Court found that any delay from the proceedings, including any examinations, to determine Mr. Lewis' competency excludable under 18 U.S.C. § 3161(h)(4). Mr. Lewis was ultimately transferred to the United States Medical Center for Federal Prisoners, Springfield, Missouri, arriving at that location on June 22, 2006.

Mr. Lewis can find no reported cases on the interaction of § 3161(h)(4) and § 3161(h)(1)(H). The plain meaning of § 3161(h)(1)(H) makes clear, however, that it applies to instances in which examination or hospitalization is ordered, and a finding of incompetence and commitment to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d) requires the Attorney General to "hospitalize the defendant for treatment in a suitable facility" to try to restore the defendant to competency. 18 U.S.C. § 4241(d). This Court's order finding Mr. Lewis incompetent ordered him committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, pursuant to 18 U.S.C. § 4241(d). Once this is done, § 4241(d) dictates that, "[t]he Attorney General shall **hospitalize** the defendant for treatment in a suitable facility" for a reasonable period

of time to determine if the defendant can be restored to competency. 18 U.S.C. § 4241(d) (emphasis added). By finding Mr. Lewis incompetent and ordering him into the custody of the Attorney General pursuant to § 4241(d), this Court ordered Mr. Lewis hospitalized. Section 3161(h)(1)(H) dictates that any time consumed in excess of 10 days in transporting Mr. Lewis to that hospitalization is presumptively unreasonable, and not excludable from the 70-day speedy trial clock.

Any other reading of § 3131(h)(1)(H) renders the phrase "or hospitalization" superfluous. When a court is determining a defendant's competency and orders a psychiatric or psychological evaluation pursuant to 18 U.S.C. § 4241(b) to assist in that determination, the defendant is not hospitalized; he is examined and a psychological or psychiatric report is prepared. 18 U.S.C. § 4241(b). The examination can occur at any time and place set by the court. Id.. The court **may**, but is not required, commit the defendant to the custody of the Attorney General for placement in a suitable facility to help facilitate the examination. 18 U.S.C. § 4247(b). Even if the court commits the defendant to the custody of the Attorney General, the defendant is not hospitalized. In this case, Mr. Lewis was not hospitalized for his competency examination but rather sent to a Metropolitan Correctional Center. After Mr. Lewis was found incompetent and committed to the custody of the Attorney General pursuant to § 4241(d), he was sent to the United States Medical Center for Federal Inmates, Springfield, Missouri, a hospital facility that comports with § 4241(d)'s requirement that an incompetent defendant be hospitalized. Section 3161(h)(1)(H)'s use of the phrase "to and from places of examination or hospitalization" recognizes the difference between being transported for an evaluation and being transported for hospitalization and tracks the language of §§ 4241 through 4247 which deals with determining competency and hospitalizing incompetent defendants. By addressing both situations, the STA is designed to avoid defendants who have been ordered

examined or hospitalized from spending indefinite periods of time waiting to be transported to their examinations or hospitalization.

If the Court does not apply § 3161(h)(1)(H) to hospitalization for competency restoration, it will create an uncalled for anomaly in the STA. A defendant who has been committed to the custody of the Attorney General for a competency evaluation will have the protection of § 3161(h)(1)(H) to ensure they do not languish in county prisons or jails waiting their evaluation but an incompetent defendant committed to the custody of the Attorney General for hospitalization for competency restoration will have no protection from languishing in county prisons, incompetent, vulnerable, and receiving no treatment towards restoring competency. There is no justification for such an anomaly, which is why Congress used the phrase "to and from places of examination or hospitalization." It must be remembered that the hospitalization called for pursuant to § 4241(d) is hospitalization with treatment towards restoring competency. 18 U.S.C. § 4241(d). This is not simply warehousing mentally incompetent defendants. Plus, § 4241(d) limits the length of hospitalization to "a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [the defendant] will attain the capacity to permit the trial to proceed." In this case, the staff at Springfield did not treat the four-month period as beginning to run until Mr. Lewis actually arrived at the medical center in Springfield, 27 days after this Court ordered Mr. Lewis' hospitalization.[1] If this Court does not interpret the STA as applying § 3161(h)(1)(H)'s limits on transportation to and from hospitalization for competency restoration a gaping hole will be created not only in the protections of the STA but

[1]The Forensic Report prepared Dr. Preston regarding Mr. Lewis' hospitalization at the U.S. Medical Center for Federal Prisoners lists the dates of evaluation as June 22 through October 22, 2006. Page 4 of the report confirms that Mr. Lewis arrived at the facility on June 22, 2006.

also in the strict time limits set by 18 U.S.C. § 4241(d).

22. Twenty-seven days passed between the time this Court ordered Mr. Lewis hospitalized due to his incompetence and his arrival at the United States Medical Center for Federal Prisoners, Springfield, Missouri. Pursuant to § 3161(h)(1)(H), 17 days of that time is presumptively unreasonable and not excludable from the 70-day speedy trial clock.

23. Forty-two days passed between the time the Bureau of Prisons sent a facsimile to the United States Marshals Services' office in Pittsburgh notifying the Marshals Service that Mr. Lewis was available to be returned to his designated facility and his arrival at the Erie County Prison. Pursuant to § 3161(h)(1)(H), 32 days of that time is presumptively unreasonable and not excludable from the 70-day speedy trial clock.

24. Based upon the foregoing calculations, 127 days of non-excludable time has passed in this case, requiring dismissal of the indictment against Mr. Lewis. 18 U.S.C. § 3162(a)(2). The Court must decide whether the dismissal should be with prejudice or without prejudice. Id. Based on the factors set forth in § 3162(a)(2), this Court should dismiss the indictment with prejudice.

25. When deciding whether a dismissal will be with prejudice or without prejudice § 3162(a)(2) directs the Court to consider, "among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." The act contains no presumption in favor of either dismissal with or without prejudice. United States v. Taylor, 487 U.S. 337, 335, 108 S.Ct. 2413, 2418 (1988).

26. The Supreme Court recognized in Taylor that if the STA violation was not "an isolated unwitting violation," that fact would weigh in favor of dismissal with prejudice. Id. at 339, 2421.

Indeed, "during oral argument, the Government appeared to concede that it would be appropriate under some circumstances, as, for example, where there was a systemic problem with the procedures of a particular United States Attorney's Office, for a district court to bar reprosecution in a case involving a delay of only a few days." Id. at 341 n.12, 2421 n.12. In this case the delay was not of only a few days but rather 57 days and would have been longer if defense counsel had not brought the failure to transport Mr. Lewis to the psychiatric or psychological examination to the Court's attention. Even after the Court signed the order granting the motion to expedite on March 16, 2006, it still took 12 days to transport Mr. Lewis to MCC New York, 2 days longer than allowed under the STA. Additionally, there is a systemic problem in this district with the United States Marshals Service and the Bureau of Prisons in getting defendants transported to and from evaluations and hospitalizations within the time frame established by the STA.

27. In the case of United States v. John Douglas Grape, Crim. No. 05-33 Erie, Judge Cohill entered an order on September 6, 2005, ordering a psychiatric examination of Mr. Grape to determine his competency and his sanity at the time of the offense. (Dkt. Entry 22) Mr. Grape was eventually sent to the Metropolitan Correctional Center New York for the examination. He did not arrive at MCC New York until November 2, 2005, 57 days after Judge Cohill ordered the evaluation. On February 6, 2006, after Mr. Grape had returned to Erie, Judge Cohill ordered a second psychiatric examination of Mr. Grape. (Dkt Entry 35) Mr. Grape was sent to the Metropolitan Correctional Center in Chicago for the second examination. Mr. Grape did not arrive at MCC Chicago until April 5, 2006, 58 days after Judge Cohill ordered the examination. Mr. Grape was only transported to MCC Chicago after defense counsel filed a motion to expedite the second competency examination which was granted by Judge Cohill on March 21, 2006. It is interesting to note that even after Judge

Cohill entered the order on the motion to expedite it still took the Marshals Service more than 10 days to transport Mr. Grape to the second competency evaluation. On July 20, 2006, Judge Cohill found Mr. Grape incompetent and ordered him committed to the custody of the Attorney General for hospitalization in a suitable facility pursuant to 18 U.S.C. § 4241(d). Mr. Grape was eventually hospitalized at the U.S. Medical Center for Federal Prisoners, Springfield, Missouri. Mr. Grape did not arrive at that facility until September 7, 2006, 49 days after Judge Cohill ordered him hospitalized.

28. In the case of United States v. Antoine Andre Miller, Crim. No. 05-39, Judge Cohill granted the government's motion for a psychiatric examination to determine Mr. Miller's sanity at the time of the offense on March 14, 2006. (Dkt Entry 33) Mr. Miller was eventually sent to MCC New York for the examination but did not arrive at the facility until May 31, 2006, 78 days after Judge Cohill ordered the examination.

29. The system to transport defendants to and from examinations and hospitalizations is broken in the Western District of Pennsylvania. Whether the blame for the breakdown is laid at the door of the United States Marshals Service for not transporting defendants promptly or the Bureau of Prisons for failing to promptly provide designations for defendants committed for evaluations or hospitalization, or both, the result is the same: defendants' rights under the STA are being repeatedly and egregiously violated.

30. Being a prohibited person in possession of a firearm is not a particularly serious offense. It is not a crime of violence, and the evidence at the suppression hearing established that Mr. Lewis had found the firearm and had no plan to use the firearm in furtherance of any other offense. If this Court allows the reprosecution of this case in light of the egregious STA violation and the evidence

of persistent STA violations in this district it will make a mockery out of the administration of the STA and the administration of justice. A message must be sent. The Supreme Court has indicated that when there is evidence of systemic violations of the STA, dismissal with prejudice is appropriate. This Court should dismiss the indictment against Mr. Lewis with prejudice so that the Marshals Service and the Bureau of Prisons understands that the STA must be taken seriously.

WHEREFORE, defendant, Barry Wayne Lewis, respectfully requests that this Honorable Court dismiss the indictment against him with prejudice

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender
PA I.D. No. 88653