COMMITTEE ON THE ADMINISTRATION

OF THE CRIMINAL LAW

OF THE JUDICIAL CONFERENCE

OF THE UNITED STATES


GUIDELINES TO THE ADMINISTRATION

OF THE

SPEEDY TRIAL ACT OF 1974, AS AMENDED


December 1979 revision
(with amendments through
October 1984)

30

### (A)  Proceedings, Including Examinations, to
### Determine Mental Competency or
### Physical Capacity

General.  This exclusion covers proceedings related to
the insanity defense as well as those related to competency
or capacity to stand trial.  But it applies only to examina-
tions ordered by the court under 18 U.S.C. §4244 or Rule
12.2(c), Federal Rules of Criminal Procedure, and not to
such examinations as may be conducted to assist the defense
in preparing its case.  If necessary, an "ends of justice"
continuance under paragraph (h)(8) may be provided to assure
adequate preparation time for the defense.

Proceedings related to competency or capacity are gen-
erally initiated by motion, and these proceedings may be
viewed as one type of pretrial motion.

Starting Date.  Date the motion is filed or made oral-
ly.

Ending Date.  Date on which the court has received
everything it expects from the examiner and the parties be-
fore reaching a decision--that is, the date as of which the
report of examination has been received, all anticipated
briefs have been filed, and any necessary hearing has been
completed.  In the case of an examination under Rule
12.2(c), if there is no question before the court to be
ruled upon, the ending date is the date on which the report

31

of the examination is received by the attorney for the
Government.

Comment.  Unreasonable delay in transporting a de-
fendant to or from an institution at which the examination
takes place may serve to reduce the amount of excludable
time.  See the discussion of subparagraph (H) below.  Time
during which the matter of competency or capacity is under
advisement may be excludable under subparagraph (J).

### (B)  Proceedings Pursuant to 28 U.S.C. §2902

General.  Prior to the 1979 amendments, this subpara-
graph read simply "delay resulting from an examination of
the defendant pursuant to Section 2902 of title 28, United
States Code."  It would appear from the change in language
that something more than the examination is intended to be
excludable.  Again, the statutory treatment of the pretrial
motion would seem to be analogous.

Starting Date.  The date the court advises the de-
fendant of his opportunity to make an election to submit to
an examination.

Ending Date.  If the defendant does not elect to sub-
mit to an examination, the ending date is the date the court
is notified of that decision or the expiration of the five-
day period for election, whichever is sooner.  If the de-

32

fendant elects to submit to an examination, the ending date is the date on which the court has received everything it expects from the examiner and the parties before reaching a decision--that is, the date as of which the report of examination has been received, all anticipated briefs have been filed, and any necessary hearing has been completed.

Comment. Unreasonable delay in transporting a defendant to or from an institution at which the examination takes place may serve to reduce the amount of excludable time. See the discussion of subparagraph (H) below. Time during which the matter of the defendant's addiction or amenability to treatment is under advisement may be excludable under subparagraph (J).

If the defendant is committed to custody for treatment, the time during which the defendant is under treatment will be excluded under Sections 3161(h)(1)(C) and (h)(5).

### (C)  Deferral of Prosecution Under 28 U.S.C. §2902

This subparagraph, added by the 1979 amendments, appears to be redundant, inasmuch as the period of delay resulting from treatment under 28 U.S.C. §2902 is excludable under Section 3161(h)(5). The starting and ending dates are discussed in the discussion of that subsection.

35

interpreting a jurisdictional statute may not be dispositive for interpretation of the Speedy Trial Act, no good reason is apparent for departing from that categorization and permitting bail appeals to extend the time limits for trial.

Starting Date. Date the notice of appeal is filed in the district court or the application for an extraordinary writ is filed in the court of appeals.

Ending Date. Date the district court receives the mandate or order of the court of appeals.

### (F)  Pretrial Motions

General. As has already been noted, this subparagraph was amended in 1979 to clarify the starting and ending dates of the exclusion. Previously, it referred only to "delay resulting from hearings on pretrial motions."

The report of the Senate Judiciary Committee indicated that the phrase "other prompt disposition" was intended to mark the ending date of the exclusion when motions are decided on the papers. (S. Rept. No. 96-212, p. 34 (1979).) However, the report also expressed concern that the provision not be applied in a manner that would justify keeping such matters under advisement for longer than the thirty-day period for which an exclusion is provided under subparagraph (J). Accordingly, the Committee recommends that the exclu-

36

sion for delay resulting from pretrial motions be treated as ending at such time as the court has received everything it expects from the parties before reaching a decision--that is, such date as all anticipated briefs have been filed and any necessary hearing has been completed.  Thereafter, the matter should be treated as "under advisement," and subject to the rules of subparagraph (J).  It may be noted that the Committee recommendation treats the "conclusion of the hearing on" a pretrial motion as occurring only after receipt of any post-hearing submissions that may be permitted by the court.  This is consistent with the treatment of post-hearing submissions under the Second Circuit guidelines, which were generally regarded favorably by the Congressional proponents of the 1979 amendments.  In light of the general purpose of the 1979 amendment to this paragraph, it would be anomalous to conclude that time for post-hearing submissions was not excludable.

Starting Date.  Date the motion is filed or made orally.

Ending Date.  Date on which the court has received everything it expects from the parties before reaching a decision--that is, the date as of which all anticipated briefs have been filed and any necessary hearing has been completed.

43

trict receives the case papers is also exclud-
able under this provision.

### (H)  Transportation Time

General.  In many instances, time consumed in a de-
fendant's transportation is included within another exclu-
sion.  For example, transportation to and from places of
examination will come between the filing of a motion for a
determination of incompetency and the hearing thereon.  In
other cases, however, this subparagraph will provide in-
dependent ground for an exclusion.  In both classes of
cases, the language dealing with the time consumed in excess
of ten days creates a rebuttable presumption that the excess
time was unreasonable and is therefore not to be excluded.

The provision with regard to transportation is be-
lieved to apply to both transportation of defendants in
custody and transportation of defendants released on bail or
recognizance.  When a defendant is ordered to travel on re-
lease status, the court should set a deadline for arrival at
the destination, which should normally be not more than ten
days from the date of the court order.

The starting and ending dates below apply to those
cases in which transportation time is not subsumed under
another exclusion.

44

Starting Date.  Date of an order directing transportation of the defendant.

Ending Date.  Date of defendant's arrival at the destination.

Comment.  Where the clerk is recording another exclusion that encompasses transportation time, the transportation time should be presumed reasonable unless an issue is raised by the parties.  Where the clerk is recording transportation time as a separate exclusion, time in excess of ten days should not be recorded in the absence of a direction by the court.

## (I)  Consideration of a Proposed Plea Agreement

General.  This subparagraph, added by Public Law 96-43, excludes the time during which the court is considering whether to accept or reject a plea agreement under Rule 11(e)(2).  The exclusion encompasses a reasonable time for preparation of a presentence report.

Starting Date.  Date of disclosure of the plea agreement to the appropriate judicial officer pursuant to the first sentence of Rule 11(e)(2).

Ending Date.  Date the court's decision with respect to the plea agreement is filed or is announced in open court.