IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-24 E |
| ) | |
| BARRY WAYNE LEWIS ) | |

**MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., District J.,

Defendant Barry Wayne Lewis is charged in a one count indictment with being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g). He has filed a motion to dismiss the indictment in the instant case for alleged violation of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*. For the reasons set forth below, Defendant's motion will be denied.

**I. BACKGROUND**

The Speedy Trial Act requires that a defendant be brought to trial within 70 days from the date of arrest, the filing of the indictment or information, or the first appearance before the court, whichever occurs last. 18 U.S.C. § 3161(c). Defendant was arraigned on May 27, 2005 and entered a plea of not guilty, thus commencing the 70-day period under the Act. See 18 U.S.C. § 3161(c)(1). The parties agree that nine days ran on the clock until Defendant filed a sealed pretrial motion on June 6, 2005. The parties further agree that the speedy trial clock was tolled from June 6, 2005 through January 23, 2006 as a result of the Defendant's various motions to extend the time for pretrial motions, the filing of Defendant's motion to suppress, and finally, the Defendant's motion to continue the case to the January 23, 2006 trial term.

On January 19, 2006, the day before Defendant was to enter a guilty plea, his counsel filed a motion for a hearing to determine Defendant's competency. The Court entered an order that same day granting the motion. The order stated, in relevant part, that:

> pursuant to 18 U.S.C. §§ 4241(b), 4247(b) and (c), ... the defendant [is] committed to the custody of the Attorney General for a reasonable period, not to exceed thirty days, during which psychiatric or psychological examinations shall be conducted upon the defendant. Such examination, which shall be conducted in a suitable facility closest to the court and pursuant to 18 U.S.C. § 4247(c), shall

>determine whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him or to properly assist in his defense and his competency to stand trial.
>
>**IT IS FURTHER ORDERED** that a psychiatric or psychological report be prepared by the examiner designated by the Attorney General to conduct the psychiatric or psychological examination and said report shall be filed with the Court with copies provided to defense counsel and government counsel.
>
>**IT IS FURTHER ORDERED** that a competency hearing be scheduled following the receipt of the psychiatric or psychological report.
>
>**IT IS FURTHER ORDERED** that any delay resulting from the proceedings, including any examinations, to determine Mr. Lewis' competency shall be excluded under Title 18 U.S.C. § 3161(h)(1)(A).

(Order dated 1/19/06 [Doc. # 31].)

Although this order was electronically filed on January 19, 2006, it appears that, through inadvertent clerical error, no copy was served on the U.S. Marshals Service on that date. The record is unclear as to when and how the error was discovered but, in any event, the Marshals Service in Erie was not served with a certified copy of the order under February 23, 2006. At that point, the certified order was forwarded to the Marshals Service in Pittsburgh and, on March 3, the order was sent to the Bureau of Prisons (BOP) to request a designation for Defendant to an appropriate facility.

By March 16, 2006, Defendant still had not been transported for his examination, so his attorney sought, and this Court granted, an order directing the Marshals Service to immediately confer with the BOP to determine the location of Defendant's examination and to transport him there immediately. [Doc. # 33.] The order was sent that same day to the Marshals Services in Erie and Pittsburgh. Defendant was transported from Pittsburgh on March 21, 2006 and arrived at the Metropolitan Correctional Center (MCC) in New York on March 28, 2006.

From March 28, 2006 until April 27, 2006, Defendant was evaluated at MCC. According to the Defendant, on April 27, Dr. William J. Ryan, the evaluating psychologist, sent a memorandum to Acting Inmate Systems Manager C. Liwag at MCC informing Mr. Liwag that the competency evaluation had been completed and that the Marshals Service should be advised that Defendant was available to be returned to his designated facility. Dr. Ryan completed his official competency evaluation report on May 11, 2006.

2

In the report, Dr. Ryan opined that Defendant was not competent to stand trial but, due to Defendant's apparent malingering and exaggerated memory deficits, Dr. Ryan's opinion was rendered with less than the usual degree of psychological certainty. Defendant departed MCC on May 10 and arrived back at the Erie County Prison on May 18, 2006.

On May 26, 2006, the Court held a hearing and found Defendant mentally incompetent to stand trial. Defendant was committed to the custody of the Attorney General for treatment at a suitable facility for a reasonable period of time, not to exceed four months, to determine if Defendant could be returned to competency. On June 8, 2006, Defendant was designated to the United States Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri. He departed Erie on June 15 and arrived at USMCFP on June 22.

On November 6, 2006, Dr. Lea Ann Preston completed her report regarding Defendant's competency. On November 9, the BOP notified the Marshals Service via fax that Defendant was available to be returned to Erie. On November 15, J.E. Gunja, the Warden of USMCFP, certified Defendant's competency in accordance with 18 U.S.C. § 4241(e). That certification was sent to the Court via letter dated November 17, 2006. Defendant left USMCFP on December 6, 2006 and arrived at the Erie County Prison on December 20, 2006.

Following its receipt of Mr. Gunja's certification of competency, the Court scheduled a hearing for January 29, 2007.[1] In the meantime, on January 26, 2007, Defendant filed the instant motion to dismiss the indictment. Three days later, the Court held the competency hearing and found Defendant competent to proceed to trial.

## II. DISCUSSION

The Speedy Trial Act, as noted, requires that a defendant be brought to trial within 70 days from the date of arrest, the filing of the indictment or information, or the first appearance before the court, whichever occurs last. 18 U.S.C. § 3161(c). If the defendant is not brought to trial within this 70-day period, the Act requires that the indictment be dismissed, either with or without prejudice. Id. at

---

[1] The original court notice indicated that the competency hearing would be held on January 31, 2007 but the hearing was later rescheduled for January 29.

3

§ 3162(a)(2). Nevertheless, certain periods of time are not counted toward the 70-day period. Among the periods of excludable delay are the following:

> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
>
> ***
>
> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> ***
>
> (H) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable.

18 U.S.C. § 3161(h)(1). In addition, the Act excludes "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial." Id. at § 3161(h)(4).

A defendant filing a motion to dismiss the indictment based on a violation of the Speedy Trial Act bears the burden of proof. 18 U.S.C. § 3162(a)(2). Here, the Defendant contends that the Act was violated due to nonexcludable time which elapsed in connection with his transportation to and from his various "examinations or hospitalizations." Broadly speaking, Defendant contends that § 3161(h)(1)(H) – and not § 3161(h)(1)(A) or (h)(4) – governs the determination of what periods of travel time are excludable under the Act.

Specifically, Defendant contends that the period extending from January 19, 2006 (the date on which the Court granted Defendant's motion for a competency examination) to March 28, 2006 (the date on which Defendant arrived at Metropolitan Correctional Center) is the relevant time frame for purposes of calculating transportation time under § 3161(h)(1)(H). Defendant calculates that this period encompasses 68 days and, since § 3161(h)(1)(H) presumes that no more than 10 days can reasonably be consumed for transportation, Defendant concludes that 58 days must be counted against the 70-day clock. With respect to his trip back from MCC, Defendant contends that the clock began to run again on April 27, 2006, when the evaluating psychologist notified MCC's Inmate Systems Manager that the evaluation had been completed. Twenty-one days passed between April 27 and Defendant's arrival back in Erie on May 18, 2006; Defendant therefore argues that 11 of these days are presumptively unreasonable and

4

nonexcludable under § 3161(h)(1)(H). Added to the 9 nonexcludable days which both parties agree elapsed between the Defendant's arraignment and the filing of his initial pretrial motions, these delays (if not excluded) collectively exceed the 70-days allowed under the Act.

Defendant contends that further nonexcludable delays occurred following his initial competency hearing. On May 26, 2006, this Court found Defendant to be incompetent and ordered him committed to the custody of the Attorney General. Thereafter, 27 days passed until Defendant's arrival at the United States Medical Center for Federal Prisoners in Springfield, Missouri on June 22, 2006. Defendant maintains that 17 of these days are presumptively unreasonable and nonexcludable. Similarly, Defendant calculates that 42 days elapsed between the BOP's November 9, 2006 facsimile to the Marshals Service advising that Defendant was available to be returned to his designated facility and December 20, 2006 when Defendant finally arrived back at the Erie County Prison. Defendant calculates that 32 of these days are nonexcludable. Based on the foregoing calculations, Defendant concludes that a total of 127 nonexcludable days have passed in this case, requiring the dismissal of the indictment against him.

The United States disputes Defendant's calculations and contends that the time periods in question are excludable, either in large measure or in their entirety, under § 3161(h)(1)(A), (h)(1)(F), and/or (h)(4). Although it posits a number of alternative theories as to why the 70-day clock has not expired, the government's primary argument is that, pursuant to § 3161(h)(1)(A), (h)(1)(F) and the rule of law espoused in United States v. Vasquez, 918 F.2d 329 (2d Cir. 1990), the entire period of time running from January 19, 2006, when the Defendant filed his motion for a competency exam, to January 29, 2007, when this Court ultimately found Defendant competent to stand trial, is excludable time.

In Vasquez, the Second Circuit Court of Appeals considered the applicability of § 3161(h)(1)(H) in the context of a case where, due to institutionalized error, there had been a delay of more than eight months in transporting the defendant to the designated medical facility at which he was to undergo a psychiatric examination. Additional delay had occurred following the court's receipt of the report from the evaluating psychiatrist, as the parties continued to litigate the issue of the defendant's competency. In analyzing the excludability of these delays, the Court of Appeals considered Henderson v. United States, 476 U.S. 321, 329-30 (1986), wherein the Supreme Court had ruled that 18 U.S.C. § 3161(h)(1)(F)

excludes from the Speedy Trial calculation all time between the filing of a pretrial motion and the conclusion of the hearing on that motion, whether or not a delay in holding the hearing was "reasonably necessary." The Second Circuit interpreted Henderson as "requiring an automatic exclusion to apply as well to subsection (h)(1)(A) concerning competency proceedings of the defendant." Id. at 333. The Second Circuit found that the disputed time periods were excludable in their entirety under § 3161(h)(1)(A), both with respect to the delay in transporting Vasquez to the location of his initial examination and with regard to the pretrial proceedings that extended for a year after the court's receipt of the initial psychiatric report:

> Since the delays here complained of by Vasquez arose from proceedings to determine his competency and were prior to the conclusion of the hearing thereon, they must be excluded from the calculation of the speedy trial clock whether or not they are reasonable.

918 F.3d at 333.

Some courts have followed the approach taken in Vasquez, essentially ruling that transportation delays arising in the context of competency proceedings are excludable under § 3161(h)(1)(A), regardless of their reasonableness and notwithstanding the language of § 3161(h)(1)(H). See, e.g., United States v. Tewid, 86 Fed. Appx. 224, 2003 WL 22717994 at *1 (9th Cir. 2003) (excluding the entire period from the time of the court's order directing a psychological exam through the date on which the issue of the defendant's competency was finally resolved, notwithstanding intervening transportation delays in excess of that which is permissible under § 3161(h)(1)(H)); United States v. Murphy, 241 F.3d 447, 455-56 (6th Cir. 2001) (noting that time associated with mental competency examinations is excluded from the Speedy Trial clock and rejecting defendant's argument that transportation delay in excess of 10 days was nonexcludable time)(citing, *inter alia*, Vasquez, *supra*).

Defendant, on the other hand, refers this Court to the decision of the First Circuit Court of Appeals in United States v. Noone, 913 F.2d 20 (1st Cir. 1990). In Noone, a period of 40 days elapsed between the date of the magistrate judge's order directing the defendant to undergo a competency examination and the date of the defendant's arrival at the designated medical facility. The court held that § 3161(h)(1)(H), rather than (h)(1)(A), controlled the excludability of this period of delay. The court reasoned that, "[a]ny

6

other interpretation would render mere surplusage the specific reference in subparagraph (h)(1)(H) to transportation 'to and from places of examination or hospitalization.'" 913 F.2d 20, 26 n. 5.  The Noone court relied, in part, on the Speedy Trial Act Guidelines, which indicate that "unreasonable delay in transporting a defendant to or from an institution at which the examination takes place may serve to reduce the amount of excludable time" under § 3161(h)(1)(A).  Id. (citing Committee on the Administration of the Criminal Law of the Judicial Conference of the United States, Guidelines to the Administration of the Speedy Trial Act of 1974, as amended, at 31).  Because the government had offered no explanation for the transportation delay, the court found that it had failed to rebut the presumption that 30 of the 40 travel days were unreasonable and, thus, nonexcludable.

The position espoused in Noone has found some support among other federal courts.  See, e.g., United States v. Castle, 906 F.2d 134, 137 (5th Cir. 1990) (where 22 days were spent transporting the defendant to his psychiatric examination, § 3161(h)(1)(H) required that 12 of the days be counted as non-excludable); United States v. Williamson, 409 F. Supp. 2d 1105, 1106-07 (N.D. Iowa 2006) (following Noone and holding that the additional 6 days which the government had taken to transport the defendant to the location of his mental competency evaluation, beyond that which is permitted under § 3161(h)(1)(H), was nonexcludable time).

As the foregoing demonstrates, federal courts are in disagreement concerning the extent to which § 3161(h)(1)(H) has application in the context of a pending motion to determine mental competency.  We conclude that the approach taken in Noone represents the better view.  Under Vasquez, it would seem that *any* transportation delays arising in the context of mental competency determinations (and, presumably by extension, physical capacity determinations)[2] are automatically excludable irrespective of the length or circumstances of the delay in question.  Thus, the approach taken by Vasquez renders § 3161(h)(1)(H) virtually meaningless, since it could never have any real effect in the context of a pending motion to determine physical capacity or mental competency – the very situations where "examinations or hospitalizations" would seem most likely to arise.  Moreover, the holding in Noone is consistent with the

---

[2] See 18 U.S.C. § 3161(h)(1)(A) (excluding delay resulting from proceedings to determine the mental competency or physical capacity of the defendant).

7

guidelines to the Speedy Trial Act which expressly recognize that § 3161(h)(1)(H) may serve to reduce the amount of excludable time that would otherwise be available under § 3161(h)(1)(A). See Guidelines to the Administration of the Speedy Trial Act ("STA Guidelines"), at p. 31. Finally, under Vasquez, defendants who are subjected to extraordinary transportation delays at the hands of the U.S. Marshals Service would otherwise be without recourse under the Speedy Trial Act, contrary to the apparent purpose of § 3161(h)(1)(H). See, e.g., Castle, 906 F.2d at 138 (in enacting § 3161(h)(1)(H) "Congress took into account that there would be institutional delays. The setting of ten days as presumptively unreasonable seems to have been a compromise, with a deliberate limitation on flexibility in this section of the Act, rather than leaving transportation time to be excluded under some general standard of reasonableness."); United States v. Taylor, 821 F.2d 1377, 1384 and n. 10 (9th Cir. 1987), rev'd on other grounds, 487 U.S. 316 (1988) (citing legislative history for the proposition that, in placing certain time limitations into the Speedy Trial Act, Congress was aware of practices, such as grouping of defendants together for travel, employed by the U.S. Marshals Service to effectuate the economical transportation of prisoners; nevertheless, Congress rejected the argument that additional time should be allowed to permit these practices). For these reasons, we conclude that the approach taken in Noone is more compatible with basic tenets of statutory construction as well as sound public policy.

      That having been said, however, we note at the outset that this Court does not read Noone to stand for the broad proposition which Defendant now advocates. Under Defendant's interpretation of Noone, transportation delays in excess of 10 days will apparently always run against the Speedy Trial clock, and § 3161(h)(1)(H) will thus always trump subsections (h)(1)(A) and/or (h)(4) as a matter of law, irrespective of the circumstances involved in the competency proceedings. Noone does not necessarily stand for this proposition. While the Noone court *did* rule that unreasonable delay (i.e. 30 days) in transporting the defendant *to* his psychiatric examination would be nonexcludable time, it declined to consider whether, in the context of that case, unreasonable delay in transporting the defendant *back* from his examination should similarly count against the Speedy Trial clock. The court declined to address this issue because it found no basis in the record to support a finding that the defendant was, in fact, in transit for more than 10 days.

By declining to address the defendant's contention that all delay in excess of 10 days spent in transporting him back from his psychiatric examination is nonexcludable under subsection (h)(1)(H), the Noone court essentially declined to address whether, as Defendant now urges, §3161(h)(1)(H) always trumps application of subsection (h)(1)(A) as a matter of law. Noone's limited holding thus allows ample room for the sensible proposition that, in judging the applicability and effect of § 3161(h)(1)(H)'s limitation on excludable transportation time, we should consider the cause to which the delay in question is fairly attributable.[3] The statute, after all, speaks in terms of excluding "delay *resulting from*" one type of occurrence or another. See 18 U.S.C. § 3161(h)(1)(A)-(J) and (h)(4). With this standard in mind, we will consider the periods of time at issue.

*1. January 19, 2006 to March 28, 2006*

Defendant contends that the 10-day period for travel time began to run as of January 19, 2006, when this Court initially entered its order granting defense counsel's motion for a competency examination and hearing, and continued running until Defendant finally arrived at MCC in New York on March 28, 2006. Defendant computes that 68 days elapsed during this time, 58 of which are nonexcludable.

While we will assume for present purposes that the January 19 order triggered the 10-day travel clock,[4] the Court is not in complete agreement with Defendant concerning his calculations. Virtually every

---

[3] Other decisions following Noone are not to the contrary. In United States v. Castle, 906 F.2d 134 (5th Cir. 1990), e.g., the Fifth Circuit counted 12 days against the Speedy Trial clock where 22 days had elapsed between the date of the court's order directing the defendant to undergo a psychiatric examination and the defendant's arrival at the designated facility. Id. at 137. Because this nonexcludable time resulted in a violation of the Speedy Trial Act, the court did not address whether there would have been additional nonexcludable delay relative to the return trip. Similarly, in United States v. Williamson, 409 F. Supp. 2d 1105 (N.D. Iowa 2006), the district court ruled that transportation time in excess of 10 days which had elapsed in getting the defendant to the designated federal medical facility for a competency evaluation was nonexcludable under Noone. Id. at 1107. The court had no occasion to discuss Speedy Trial issues with regard to the return trip because, as of the date of the court's opinion, the defendant was still undergoing his evaluation.

[4] The government counters that the travel clock did not begin to run until, at the earliest, February 23, 2006, when the Marshals Service was provided with a certified copy of the January 19 order. I decline to adopt this position. Subsection 3161(h)(1)(H) specifies that the relevant period of transportation is to be measured from the date of the "order directing such transportation," not the date on which a certified copy of the order is provided to the Marshals Service.

Alternatively, the government contends that the travel clock should run from March 16, 2006,

9

federal court that has expressly considered the issue has concluded that, for purposes of § 3161(h)(1)(H), the allowable 10-day period of travel does not include Saturdays, Sundays, or legal holidays. See United States v. Garrett, 45 F.3d 1135, 1140 n. 6 (7th Cir. 1995) (applying Fed. R. Crim. P. 45(a) which excludes Saturdays, Sundays and legal holidays from any time computation less than eleven days); United States v. Bond, 956 F.2d 628, 632 (6th Cir. 1992) (same)); United States v. Edgecomb, 910 F.2d 1309, 1314-15 (6th Cir. 1990); United States v. Smith, No. 05-40002-01-JAR, 2006 WL 83120 at *3 (D. Kan. January 11, 2006); United States v. DeGarmo, No. 4:03CR3100, 2004 WL 1070678 at *9 (D. Neb. May 12, 2004), judgment aff'd, 450 F.3d 360 (8th Cir. 2006); United States v. Chance, 51 F. Supp. 2d 916, 918 n.6 (C.D. Ill. 1999); United States v. Govan, No. 98 CR 565(LAP), 1998 WL 889067 at *3 (S.D.N.Y. Dec. 18, 1998). But see United States v. Williamson, 409 F. Supp. 2d at 1107 n. 1 (declining to apply Fed.R.Crim.P. 45(b)(1) and expressly including Saturdays, Sundays, and legal holidays in the 10-day period allowed in § 3161(h)(1)(H)). We will adhere to this majority rule.

Given the two intervening weekends which occurred during the relevant travel period, the 10-day clock expired on February 2, 2006. Thereafter, 53 non-excludable days elapsed during which Defendant was still unreasonably in transit.[5]

*2. April 27, 2006 to May 18, 2006*

Defendant contends that the travel clock began to run again on April 27, 2006 when Dr. Ryan, the evaluating psychologist, sent a memorandum to the Acting Inmate Systems Manager at MCC stating that the evaluation was complete and that Defendant was available to be returned to his designated facility.

---

when this Court granted Defendant's motion to expedite the competency evaluation and expressly directed the Marshals Service to immediately confer with the BOP to determined the location of the examination and to "*immediately transport* Mr. Lewis to that location." (Order of 3/16/06 [Doc. # 33].) Under this theory, the government posits that the January 19 order was not truly an order "directing transportation" within the meaning of § 3161(h)(1)(H). The Court is not persuaded. While the January 19 Order did not include an express directive that the Marshals Service transport Defendant to the location of his mental examination, such a directive was certainly implied in the Court's order.

[5] The Court does not count March 28, 2006, the day on which Defendant arrived at MCC because, at that point, Defendant was available for his examination. Any processing that occurred on March 28 in connection with that examination is excludable pursuant to § 3161(h)(1)(A).

Since Defendant did not arrive back in Erie until May 18, 2006, Defendant concludes that the 21-day interval comprises the total transportation time and that 11 days are presumptively nonexcludable.

We disagree with this computation. First, the Court is not convinced that Dr. Ryan's memorandum to Mr. Liwag is the proper triggering event for purposes of calculating transportation time under § 3161(h)(1)(H). The language of subsection (h)(1)(H) specifically states that the allowable 10-day travel period runs from the date of the "order directing ... transportation." § 3161(h)(1)(H). Dr. Ryan's memorandum to Mr. Liwag, which apparently is not part of the record, does not constitute a "court order." Defendant argues that, since our original January 19 order directed transportation for the limited purpose of a psychological examination, the only event which could logically trigger the 10-day travel clock for the return trip is official notification by the evaluating psychologist that the examination is complete. However, nothing would have prevented Defendant upon, e.g., the filing of Dr. Ryan's report or some earlier indication that Defendant was available, from petitioning this Court to enter an order formally directing Defendant's transfer back to Erie.

Second, the Seventh Circuit Court of Appeals has held, somewhat persuasively, that where no court order exists directing the defendant's transportation from a hospital, it is the date upon which the defendant was authorized for transportation by the appropriate prison official – *not* the date that the treating physician recommends the defendant be returned – that controls application of § 3161(h)(1)(H). See Garrett, 45 F.3d at 1139. As the Seventh Circuit observed:

> [I]t cannot be the case that a physician in the federal prison system can initiate the transportation of a prisoner and thereby effect his rights under the Speedy Trial Act. ... Where, as here, there is no order, it is the period of transportation that matters for purposes of the Speedy Trial Act, and not the time that it took for prison administrators to relay the physician's report to the appropriate official.

Id.

In this case, the record does not reveal specifically when Mr. Liwag received Dr. Ryan's memorandum or what role in particular Mr. Liwag played in Defendant's transfer (i.e., whether, e.g., the approval of more senior prison officials was required in order to effectuate Defendant's transfer).[6] It appears that Defendant's transportation was underway no later than May 5, 2006, since the New York

---

[6] As noted, the referenced memorandum does not appear to be part of this Court's record.

11

Marshals Service made a movement request to the Marshal Service Justice Prisoner and Alien Transportation System (JPATS) on that date. However, it is not completely clear from this record on what date the Defendant was authorized for transfer back to Erie by the "appropriate prison official" at MCC.

Third, even assuming that Defendant was fully authorized for transportation back to Erie as of April 27, 2006, it does not necessarily follow that 11 of the ensuing 21 travel days must be charged against the Speedy Trial clock. As the Noone court recognized, § 3161(h)(1)(A) excludes, at a minimum, the time pending delivery of the psychiatric examination report to the district court, plus the time required by the court to consider the report and to schedule and conduct the hearing. See 913 F.2d at 26-27. See also United States v. Chance, 51 F. Supp. 2d at 919 (28 days which elapsed from the court's receipt of mental competency evaluation report to its conducting of the hearing was excludable, since the court and both parties needed time to consider the report and prepare for the hearing). In the case at bar, despite Defendant's ostensible availability for transport back to Erie on April 27, 2006, Dr. Ryan's competency evaluation report was not completed until May 11, 2006. Copies of the report were delivered to this Court by correspondence dated May 15, 2006. Within two weeks thereafter (on May 26, 2006), this Court held a competency hearing, at the conclusion of which it found Defendant mentally incompetent and committed Defendant to the custody of the Attorney General for further treatment. Under the circumstances, the entirety of the period from April 27 to May 18, 2006 was independently excludable as time required for completion of the mental competency report, delivery of the report to this Court, review and consideration of the report by this Court and by counsel, and scheduling of the competency hearing. Otherwise stated, any delay during this period was just as fairly attributable to mental competency proceedings as it was to transportation. Accordingly, since trial would have been legitimately delayed during this time for reasons quite independent of the Defendant's transportation back to Erie, the entire period in question is excludable under § 3161(h)(1)(A).[7]

---

[7] We note parenthetically that Noone does not support the Defendant's method for calculating his travel time on the return trip to Erie. In Noone, the defendant had remained at the designated medical facility for at least 26 days following the completion of his psychiatric examination and *after* the Marshals Service had been notified of his availability for return to the district court in Massachusetts. Notwithstanding this uncontradicted delay, the court of appeals concluded that there was insufficient evidence to support a finding that Defendant had been in transit for more than 10 days. The Noone court,

*3. May 26, 2006 to June 22, 2006 and November 9, 2006 to December 20, 2006*

Finally, Defendant contends that the periods from May 26 to June 22, 2006 and November 9 to December 20, 2006 involve periods of unreasonable delay in transporting him to and from USMCFP in Missouri, where he underwent treatment pending his restoration to mental competency. Defendant calculates that these two periods collectively account for 49 days of nonexcludable delay. Basically, Defendant argues that any delays in excess of 10 days in transporting him to and from his hospitalization following this Court's finding of incompetency are presumptively unreasonable and, hence, nonexcludable.

The Court is not persuaded. Subsection 3161(h)(4) expressly excludes "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent ... to stand trial." 18 U.S.C. § 3161(h)(4). In this case, the Defendant was declared incompetent on May 26, 2006 and arrived at his designated medical facility for treatment on June 22. He remained there for several months while he was restored to mental competency. Defendant was not otherwise available for trial during the period from May 26 to June 22 due to his state of incompetency. Therefore, to the extent there was unreasonable delay in transporting Defendant to USMCFP, the delay was also independently attributable to his state of incompetency and that time is thereby fully excludable under § 3161(h)(4).

Similarly, the time during which Defendant was returned from USMCFP to this Court is fully excludable. Defendant insists that the clock began running again on November 9, 2006, when the BOP sent a facsimile to the Marshals Service indicating that Defendant was ready for transport. However, the November 9 facsimile is not an "order directing ... transportation" as specified in subsection (h)(1)(H). Moreover, Defendant was not declared competent by this Court until January 29, 2007 and therefore, as far as this Court is concerned, Defendant was considered incompetent to stand trial – and all intervening delay was excludable under § 3161(h)(4) – from May 26, 2006 to January 29, 2007.

Giving Defendant the benefit of the doubt, however, the very earliest that he could have been considered competent would be November 15, 2006, when the warden of USMCFP completed his certificate of the Defendant's competency to stand trial. Nonetheless, this case could not proceed to trial

---

therefore, declined to adopt the method of calculation now urged by Defendant for, if it had, the Noone court would had to have concluded that more than 10 days of transportation delay had elapsed.

13

until the competency proceedings (which Defendant himself initiated) were finally concluded. See Henderson v. United States, 476 U.S. at 331 ("The provisions of the Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion.")  Therefore, even if the period of excludability under § 3161(h)(4) terminated as of November 15, 2006, the period following thereafter, during which this Court received the warden's certificate of competency, reviewed and considered the accompanying forensic report, and scheduled the hearing, was excludable under § 3161(h)(1)(A).      Defendant admits that he has located no cases in support of his argument and, in fact, our research reveals that the only two courts to have squarely addressed the interplay between § 3161(h)(1)(H) and (h)(4) have ruled that the transportation delay in question was excludable. See United States v. Degideo, No. Crim 04-100, 2004 WL 1240669 at *4 (E.D. Pa. May 18, 2004) (holding that a judicial finding of a defendant's mental incompetence to stand trial under § 3161(h)(4) resulted in excludable delay until such time as the court found the defendant restored to competency, notwithstanding that some of the delay relative to the defendant's transportation would otherwise have been presumed unreasonable under § 3161(h)(1)(H)); United States v. Triumph, No. 3:02CR81(JBA), 2004 WL 1920352 at *3 (D. Conn. Aug. 24, 2004) (holding that a delay of 55 days in transporting the defendant to his designated medical facility following a judicial determination of mental incompetency was excludable under § 3161(h)(4) in its entirety, notwithstanding the language of § 3161(h)(1)(H)).

Nevertheless, Defendant insists that any reading of the statute other than the one he now advocates would render superfluous § 3161(h)(1)(H)'s reference to "hospitalization[s]."  We are not persuaded.  Circumstances may conceivably arise where the lag in transporting a defendant to or from a treatment center is so extraordinary that, as a practical matter, the delay in question can *only* be fairly attributable to delinquent transportation, as opposed to the defendant's mental incompetency or post-hospitalization competency proceedings.[8]  Suffice it to say that such is not the case here.  Though we do

---

[8] This might be the case, for example, if (as Defendant posits) a defendant is left for an extensive period of time to "languish[] in county prison, incompetent, vulnerable, and receiving no treatment toward restoring competency," (see Def.'s Mot. to Dismiss Indictment With Prejudice [Doc. # 40] at p. 8), especially if – once delivered to his designated medical facility – the defendant is restored to competency within a short time.  Such a situation might also arise if a criminal defendant, having been ostensibly restored to competency, is subject to extraordinary delay in returning to court for a formal competency

not read any "reasonableness requirement" into § 3161(h)(1)(A) or (h)(4),[9] the delay in this case was required to resolve the outstanding issue of Defendant's competency and was of reasonable duration in light of this Court's other business; thus, it is independently excludable under either § 3161(h)(4) or 3161(h)(1)(A). In sum, the time period from May 26, 2006 to January 28, 2007 – the period during which Defendant was declared by this Court to be incompetent – is excludable under § 3161(h)(4) and/or § 3161(h)(1)(A).[10]

### III. CONCLUSION

Based upon the foregoing reasons, the Defendant's motion to dismiss the indictment will be denied. An appropriate order follows.

---

determination. In such situations, it might fairly be said that the delay in question resulted only from an unreasonable delay in transportation and no other independent basis exists for excluding the time in question.

[9] As the Noone court observed, "[t]here is serous doubt that exclusions under § 3161(h)(1)(A) must meet a reasonableness test." See 913 F.2d at 27 n. 10 (citing Henderson v. United States, 476 U.S. 321, 330 (1986) ("all time between the filing of a motion and the conclusion of the hearing on that motion [is excludable under § 3161(h)(1)(F)], whether or not a delay in holding that hearing is 'reasonably necessary'")).

[10] On January 26, 2007, three days before this excludable time would have ended, Defendant filed the instant motion to dismiss the indictment. The filing of that motion commenced a new period of excludable time pursuant to § 3161(h)(1)(F).

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-24 E |
| ) | |
| BARRY WAYNE LEWIS ) | |

**O R D E R**

AND NOW, this 22nd day of March, 2007, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendant's motion [Doc. # 40] to dismiss the indictment is DENIED.

                                                          s/     Sean J. McLaughlin

                                                              SEAN J. McLAUGHLIN
                                                              United States District Judge

cm:     All counsel of record.