IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 05-24 Erie |
| ) | |
| BARRY WAYNE LEWIS   ) | |

**DEFENDANT'S SUPPLEMENTAL POSITION
WITH RESPECT TO SENTENCING FACTORS**

AND NOW, comes the defendant, Barry Wayne Lewis, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files his Supplemental Position With Respect To Sentencing Factors. In support thereof, counsel states:

At Mr. Lewis' sentencing hearing this Court directed counsel to file a supplemental brief on the Supreme Court's decision in James v. United States, 127 S.Ct. 1586 (2007), and how that opinion impacts Mr. Lewis' case. A careful reading of James supports Mr. Lewis' position that this Court must base its decision as to whether Mr. Lewis' Ohio burglary conviction is an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" on how the Ohio Supreme Court has interpreted Ohio's burglary statute. Because the Ohio Supreme Court has held that Ohio's burglary statute does not require a showing that any person is present or likely to be present at the time of the unlawful entry into an "occupied structure," **and** that the simple fact that the "occupied structure" is a permanent or temporary dwelling does not create even a presumption that any person is present or likely to be present, this Court must conclude that an Ohio burglary conviction does not otherwise involve conduct that presents a serious potential risk of physical injury to another.

Jones presented the question of whether a Florida attempted burglary conviction was a

violent felony as that term is defined by the Armed Career Criminal Act (ACCA). More precisely, the Supreme Court had to determine if a Florida attempted burglary conviction involved a crime that "involves conduct that presents a serious potential risk of physical injury to another." Id. at 1591. After rejecting the petitioner's argument that the ACCA categorically excluded attempt offenses from its definition of violent felony, the Court turned to the question of just what conduct Florida's attempted burglary statute prohibited. Id. 1593-94. The Court's starting point was "examining what constitutes attempted burglary under Florida law." Id. at 1594.

The Court noted that Florida's attempt statute required "only that a defendant take 'any act toward the commission' of burglary." Id. (quoting Fla. Stat. § 777.04(1)). The Court acknowledged that this language was very broad but found that "the Florida Supreme Court ha[d] considerably narrowed its application in the context of attempted burglary, requiring an 'overt act directed toward entering or remaining in a structure or conveyance.'" Id. (quoting Jones v. State, 608 So.2d 797, 799 (1992)). With that limitation applied to the attempt statute, the Court explained that "[t]he pivotal question, then, is whether overt conduct directed toward unlawfully entering or remaining in a dwelling, with the intent to commit a felony therein, is 'conduct that presents a serious potential risk of physical injury to another.'" Id. (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

The Court answered the question in the affirmative. The main risk of burglary, the Court reasoned, "arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party–whether an occupant, a police officer, or a bystander–who comes to investigate." Id. Because "[a]ttempted burglary poses the same kind of risk," the Court found that a Florida conviction for attempted burglary did present a serious potential risk of physical injury to another. Id. at 1595.

Applying James to Mr. Lewis' Ohio burglary conviction makes clear that, **based on the Ohio Supreme Court's interpretation of Ohio's burglary statute**, an Ohio burglary conviction does not present a serious potential risk of physical injury to another. As discussed at length in Mr. Lewis' Position With Respect to Sentencing Factors, and as found by the Court at the sentencing hearing, the Ohio Supreme Court has interpreted the burglary statute as not requiring that the state prove the presence or likely presence of any person in the occupied structure unlawfully entered. At the sentencing hearing this Court found this to be "technically" true, but there is nothing technical about it. The Ohio Supreme Court unequivocally held in State v. Wilson, 388 N.E.2d 745 (Ohio 1979) that the presence or likely presence of any person is not an element of burglary in Ohio. If a person is present or likely to be present, the state may charge aggravated burglary and obtain a lengthier sentence. Thus, the Court must assume that in the normal case, the state will choose to charge burglary rather than aggravated burglary only when there is no evidence to prove the presence or likely presence of any person at the time of the unlawful entry into the occupied structure. If no one is present or likely to be present, there is no risk of face-to-face confrontation.

This Court put much stock in the Supreme Court's statement in James that "the ACCA does not require metaphysical certainty" of serious physical injury and that simply because one could imagine a situation in which an otherwise violent offense may be committed in a way that does not pose a realistic risk of confrontation or injury does not transform a violent offense into a nonviolent offense. But this Court missed the mark in its application of this concept to Mr. Lewis' Ohio burglary. The Supreme Court stated that "the proper inquiry is whether the conduct encompassed by the **elements of the offense**, **in the ordinary case**, presents a serious potential risk of injury to another." James, 121 S.Ct. at 1597 (emphasis added). Based upon the **elements of burglary** in

3

Ohio, **in the ordinary burglary case** no person is present or likely to be present at the time of the offense. If a person was present or likely to be present at the time of offense the state would charge aggravated burglary in order to seek a higher sentence.

This Court avoided this conclusion by finding that because Ohio's definition of "occupied structure" requires that the "house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter" unlawfully entered during the burglary had to be either "a permanent or temporary dwelling," "occupied as the permanent or temporary habitation of any person," "specially adapted for the overnight accommodation of any person," or at the time of the unlawful entry, any person is present or likely to be present in it" and that this made it likely in the ordinary case that someone would be present at the time of the offense. But this reasoning converts every Ohio burglary conviction into an aggravated burglary conviction.

The presence or likely presence of any person, or the lack thereof, is the distinguishing feature between burglary and aggravated burglary. The Ohio Supreme Court made it crystal clear in <u>Wilson</u> that

> [p]roof of one definition of R.C. 2909.01 does not prove the other, nor does proof of one prove facts sufficient to sustain a conviction for aggravated burglary under R.C. 2911.11(A)(3). **A structure can be one that was occupied as a permanent or temporary habitation without being one under R.C. 2909.01(D), where at the time anyone is present or likely to be present.**

<u>Wilson</u>, 388 N.E.2d at 750 (emphasis added). This Court is not free to ignore the Ohio Supreme Court's finding that the fact that the occupied structure is either "a permanent or temporary dwelling," or "is occupied as the permanent or temporary habitation of any person," or "is specially adapted for the overnight accommodation of any person" does not establish that a person was present or likely to be present at the time of the unlawful entry of the occupied structure. Ignoring this

4

distinction amounts to this Court finding that Mr. Lewis committed an aggravated burglary when he has only been convicted of committing a burglary. What this Court did at the sentencing hearing was decide that the conduct encompassed by the elements of **aggravated burglary**, in the ordinary case, presents a serious potential risk of injury to another. What the Court must do under James is decide whether the conduct encompassed by the elements of **burglary**, in the ordinary case, presents a serious potential risk of injury to another. Because the ordinary burglary case involves the unlawful entry into an occupied structure when no one is present or likely to be present, there is no risk of face-to-face confrontation and therefore no serious potential risk of injury to another.

This fact is made even more clear when the Court considers that under Ohio's definition of occupied structure an ordinary burglary offense can involve nothing more than entering a boat, airplane, railroad car, truck, trailer, or tent **when no one is present or likely to be present.** The Supreme Court in James did not have to deal with this issue because while the Florida burglary statute prohibits unlawful entry into "conveyances," James was specifically charged with "attempted burglary *of a dwelling*." James, 121 S.Ct. at 1599 n.7 (emphasis in original). The concerns of face-to-face confrontation that make generic burglary a violent felony are not present when the "occupied structure" entered is not a building but rather a car, truck, airplane, railroad car or tent. If a court where to find that unlawful entry into a car, truck, boat, plane, or tent **when no one is present or likely to be present**, even if the car, truck, boat, plane, or tent is being used as a temporary or permanent dwelling, there would be no end to what offenses"involve conduct that presents a serious potential risk of physical injury to another. The "otherwise" clause would swallow the definition.

The same is true for stretching the idea that police might respond to the offense and therefore there may be a confrontation which creates a serious potential risk of physical injury to another. In

5

every crime there is the potential for law enforcement to respond and a confrontation to occur. If this were the standard, every felony would be a violent felony and there would be no need for the ACCA to define the term. The point of the matter is that while "[o]ne can always hypothesize unusual cases in which even a prototypically violent crime might not present a genuine risk of injury" James 121 S.Ct. 1597, the converse is also true. One can always hypothesize unusual cases in which even a prototypically nonviolent crime might present a genuine risk of injury. Just as the former can't convert an "ordinary" violent felony into a nonviolent felony, the latter cannot convert an "ordinary" nonviolent felony into a violent one.

James makes crystal clear that the state's interpretation of a statute sets the boundaries within which a federal court must operate when determining whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of physical injury to another. The Ohio Supreme Court has found that Ohio's burglary statute does not contain, as an element, that a person be present or likely present at the time of the offense. If a person is present or likely to be present the offense is aggravated burglary. Accordingly, the conduct encompassed by the elements of burglary in Ohio, unlawful entry into a house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, **when no person is present or likely present**, in the ordinary case, does not present a serious potential risk of injury to another.[1]

---

[1] While the Supreme Court cited the Sixth Circuit's opinion in United States v. Lane, 909 F.2d 895 (6th Cir. 1990), approvingly in James, for the proposition that attempted burglary presents the same risk of face-to-face confrontation as generic burglary, James, 121 S.Ct. 1595 n.3, the Supreme Court did not address the correctness of Lane's conclusion that Ohio's definition of "occupied structure" was "defined broadly to include places in which a person is actually or likely to be present." Lane, 909 F.2d at 903. Mr. Lewis has already demonstrated in his original Position With Respect to Sentencing Factors and at the sentencing hearing that Lane's interpretation of Ohio's definition of occupied structure is wrong.

WHEREFORE, the defendant, Barry Wayne Lewis, respectfully asks this Honorable Court to conclude that he does not qualify as an Armed Career Criminal and impose a sentence of 37 months of incarceration.

Respectfully submitted,

**/s/Thomas W. Patton**
Thomas W. Patton
Assistant Federal Public Defender
Attorney I.D. No. 88653