IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-24 Erie |
| ) | |
| BARRY WAYNE LEWIS ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### SUPPLEMENTAL POSITION WITH RESPECT TO SENTENCING FACTORS

AND NOW, comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christine A. Sanner, Assistant United States Attorney for said district, and states:

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), mandates a minimum 15-year prison sentence if the defendant has three prior convictions for a "violent felony or a serious drug offense." Section 924(e)(2)(B) specifically defines "violent felony" to include "burglary." 18 U.S.C. § 924(e)(2)(B)(ii) ("the term 'violent felony' means . . . . burglary"). The issue before the Court is whether burglary, as defined by Ohio law, is a "violent felony" under ACCA.

The Court has requested supplemental briefing as to how the Supreme Court's decision in James v. United States, 127 S.Ct. 1586 (2007), which held that attempted burglary qualifies as a predicate for ACCA, affects the instant case. James held that the "main risk of burglary" arises from "the possibility of a face-to-

face confrontation between the burglar and a third party – whether an occupant, a police officer, or a bystander – who comes to investigate." Id. at 1594-95.  In reaching this conclusion, James cited the Sixth Circuit's decision in United States v. Lane, 909 F.2d 895, 902 (6th Cir. 1990), with approval.  Lane held that, in Ohio, burglary was a "violent felony" pursuant to ACCA's "otherwise" clause, because it "involves conduct that presents a serious potential risk of physical harm to another."  Id. at 900 (citing § 924(e)(2)(B)(ii)).

Notwithstanding this precedent, the defendant first argues that his prior burglary conviction is not a "violent felony," because the Ohio burglary statute contains language that is too broad for the Court to determine whether he entered "a building or other structure" so as to have committed a burglary pursuant to Taylor v. United States, 495 U.S. 575, 598 (1990). Although he was convicted of burglarizing the "habitation of Adelbert Cross," he argues that, under the Ohio statute, Mr. Cross could have, perhaps, made his home in a boat, airplane, railroad car, truck, trailer or tent.  See Defendant's Supplemental Position with Respect to Sentencing Factors at 3-4 (discussing James). Second, the defendant argues that burglary in Ohio does not pose any serious risk of physical injury to another, pursuant to ACCA's residual clause, notwithstanding the holding of the Sixth Circuit in Lane, and the holding of the Supreme Court in James.

As to the defendant's first argument, the United States agrees that Ohio's burglary statute, Ohio Revised Code § 2911.12, is broader than the Supreme Court's generic definition of burglary. See Lane, 909 F.2d at 902.

In Taylor, the Supreme Court construed the term "burglary" as used in ACCA, holding that what "Congress meant by 'burglary' [is] the generic sense in which the term is now used in the criminal codes of most States." Taylor, 495 U.S. 575. Accordingly, "the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, **a building or other structure**, with intent to commit a crime." Id. at 598 (emphasis added).

Although it is conceded that the Ohio burglary statute is broad, it is respectfully submitted that this Court should nonetheless begin by examining the language charged in the indictment, see United States v. Bennett, 100 F.3d 1105, 1109-10 (3d Cir. 1996), as well as the Ohio statutes. Accord, Shepard v. United States, 544 U.S. 13, 26 (2005) (directing court to look to the terms of the charging document, the plea agreement, the transcript of the plea colloquy, or to "some comparable judicial record").

The indictment, see Government Position with Respect to Sentencing Factors and Motion for Upward Departure, incorporated

3

herein by reference, at Ex. 1, shows that the defendant was charged with committing an aggravated burglary, in violation of Ohio Revised Code § 2911.11, which then read in relevant part:

> (A) **No person, by force, stealth, or deception, shall trespass in an occupied structure, as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:**
> (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
> (2) The offender has a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control;
> (3) **The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.**

(Emphasis added).[1]  As the indictment shows, the defendant was specifically charged with violating subsection (A)(3) of the former statute, and so, a closer examination of that statutory section is helpful.  See James, 127 S.Ct. at 1597 (directing court to examine

---

[1] In 1995, the aggravated burglary statute was amended. Section 2911.11 presently states, in relevant part:

(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
     (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
     (2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.

the elements of the offense). As the 1973 Legislative Commission Service notes:

> This section defines the most serious of the three breaking and entering offenses....[A]ggravated burglary is a trespass in an occupied structure, accomplished by force, stealth, or deception, for the purpose of committing a felony or stealing, when the offender is armed or attempts or threatens harm to anyone, **or when the structure involved is someone's home**.

Ohio Revised Code § 2911.11 (emphasis added). State v. Kilby, 361 N.E. 2d 1336 (Ohio 1977) ("The intent of the General Assembly in enacting R.C. 2911.11 was to elevate the degree of burglary in those instances in which the victim was exposed to a greater risk of harm. It is apparent that the General Assembly concluded that a **burglary of a home** posed a greater threat of danger to the victim than, for example, a burglary of a commercial establishment.") (emphasis added); State v. Veal, 355 N.E. 2d 521, 524 (Oh. App. 1975) ("habitation" means "home").

The indictment follows the statutory language of former subsection (A)(3), charging the defendant with burglarizing a specific occupied structure: the habitation, or "home," of Adelbert Cross. Veal, 355 N.E. 2d at 524. Following the statutory language of the former (A)(3), the indictment charges that the defendant:

> by force, stealth or deception, trespassed in an occupied structure as defined in Section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with the purpose to commit therein a theft offense as defined in Section 2913.01 of the Revised Code, or a felony, **and the occupied structure involved is the permanent or temporary habitation of**

5

**Adelbert Cross in which at the time any person was present or likely to be present**.

See Government's Position with Respect to Sentencing Factors and Motion for Upward Departure, at Ex. 1 (Indictment filed on October 2, 1990) (Emphasis added). The defendant was specifically charged with violating subsection (A)(3) of former Ohio Revised Code § 2911.11, and the specific structure involved was the "habitation of Adelbert Cross," i.e., Adelbert Cross's home. Under § 2911.11, aggravated burglary occurs "when the offender is armed or attempts or threatens harm to anyone, or when the structure involved is someone's home." See 1973 Legislative Commission Service notes.[2]

For these reasons, it is submitted that the indictment in this case narrowed the charge to generic limits pursuant to Taylor, by specifying a particular "building or other structure," 495 U.S. at 598, namely, Adelbert Cross's "home." Id. § 2911.11; 1973 Legislative Commission Service (aggravated burglary occurs "when the offender is armed or attempts or threatens harm to anyone, or when the structure involved is someone's home"); Kilby, 361 N.E. 2d 1336; Veal, 355 N.E. 2d at 524.

Second, in the alternative, the Sixth Circuit has specifically held that in Ohio, burglary, and even attempted

---

[2] The formal amendment, made on the day that the defendant entered his plea, merely deleted the term "Aggravated," and changed no substantive language in the indictment. The indictment continued to charge the defendant with burglarizing Mr. Cross's home, his "habitation." See Government's Position with Respect to Sentencing Factors and Motion for Upward Departure at Ex. 1 (Indictment), 2, and 3 (Entry of Judgment).

6

burglary, falls within the "otherwise" clause of ACCA, 18 U.S.C. § 924(e). Lane, 909 F.2d at 903. This is so since "burglary in Ohio 'presents a serious potential risk of physical injury to another' because the burglary statute requires the actual or likely presence of a person in the burglarized structure." Lane, 909 F.2d at 903 (quoting ACCA, § 924(e)(2)(B)(ii)).

The defendant cites State v. Wilson, 388 N.E.2d 745 (Ohio 1979), to support his proposition that an Ohio burglary does not present a serious potential risk of physical injury to another. See Defendant's Supplemental Position with Respect to Sentencing Factors at 3.

He is wrong. Wilson merely found that there is a difference between aggravated burglary and burglary, which is a rather unsurprising conclusion, as the aggravated burglary statute was enacted to recognize the difference between burglary and aggravated burglary. See Ohio Revised Code § 2911.11 & 1973 Legislative Service Commission ("The prime distinguishing factor among such offenses in the new code, however, is the relative potential for harm to persons. Since aggravated burglary carries the highest degree of risk that someone may be harmed, it is the most serious of the three breaking and entering offenses in the new code."). Under the Ohio statute the defendant was charged with violating, aggravated burglary occurred "when the offender is armed or attempts or threatens harm to anyone, **or when the structure**

**involved is someone's home**." See Ohio Revised Code § 2911.11 (pre-1995) & 1973 Legislative Service Commission (emphasis added). Accordingly, it "carrie[d] **the highest degree of risk that someone may be harmed**," id. (emphasis added). It is both illogical, and it stretches Wilson well beyond its limits, for the defendant to argue that, merely because aggravated burglary carries "the highest degree of risk" of harm to another, burglary carries no serious risk of harm.

Indeed, burglary is a predicate for ACCA precisely because of the risk of harm inherent in all burglaries. Congress took pains to single out burglary as an ACCA predicate because it "often creates the possibility of a violent confrontation" and the "risk of injury to persons." Taylor, 495 U.S. at 597, 598; James, 127 S.Ct. 1586; see also Pub. L. 98-473, 98 Stat. 1837; H.R. Rep. No. 98-1073, at 5 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3665.

As the Supreme Court recently stated in James:

> The main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party – whether an occupant, a police officer, or a bystander – who comes to investigate. That is, the risk arises not from the completion of the burglary, but from the possibility that an innocent person might appear while the crime is in progress.

Id. at 1594-95 & n. 3 (citing Lane, 909 F.2d at 903) ("The fact that an offender enters a building to commit a crime often creates

8

Case 1:05-cr-00024-SJM   Document 52   Filed 08/20/2007   Page 9 of 15

the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.").

Citing Wilson, the defendant complains that burglary requires Ohio to prove **either** "that the structure was a permanent or temporary habitation, **or** a structure in which any person is present or is likely to be present." 388 N.E.2d at 750 (emphasis added). To prove aggravated burglary, the state must prove both. Id. From this proposition, he leaps to the conclusion that burglary in Ohio does not present any serious risk of harm. Again, he is wrong.

James directs the Court to look at the elements of the offense charged in the ordinary case. 127 S.Ct. at 1597. To prove burglary in Ohio in 1991, the year that the defendant was convicted, the state must have proved **either**: 1) that "the building was **occupied** as a permanent or temporary habitation," Wilson 388 N.E.2d at 750 (emphasis added), which would involve a serious risk of harm to another, see Lane, 909 F.2d at 903 (an "occupied structure" is a place "in which a person is actually or likely to be present") (citation omitted); **or** 2) "that someone was **present** or likely to be present," 388 N.E.2d at 750, which also presents a serious risk of harm to another, see Lane 909 F.2d at 903 ("the actual or likely presence of a person in a structure, regardless of the nature of the structure itself, creates a more serious risk of

9

harm"). Aggravated burglary involves both elements, thereby increasing the risk of harm to others. See State v. Fowler, 445 N.E.2d 1119, 1121 (Ohio 1983) (citing Wilson and listing elements of aggravated burglary in Ohio).

Discussing Wilson, which dealt with the aggravated burglary statute before it was amended in 1995, the Sixth Circuit cautioned: "proof that a burglarized structure was a regularly inhabited house and that the family was in and out during the day in question ... does not ... entitle the State to a presumption that someone was present or likely to be present **at the time of the crime**, a necessary element of aggravated burglary under Ohio law." Glenn v. Dallman, 686 F.2d 418, 422 (6th Cir. 1982) (emphasis added). Aggravated burglary requires "proof that someone was present or was likely to be present **in the dwelling house at the time** of the unlawful entry." Id. at 420 (emphasis added).

The key for this Court, then, is not the mere fact that aggravated burglary statute in effect at the time that the defendant was convicted required the proof of additional aggravating factors (among them the actual or likely presence of a person in the home "at the time" of the burglary), but the fact that the Ohio burglary statute – with which the defendant was convicted – criminalizes burglaries committed in "occupied structures." Lane, 909 F.2d at 903 (citing Ohio Revised Code § 2911.12); Glenn v. Dallman, 686 F.2d at 419 ("Under Ohio law

10

'occupied structure' does not mean that someone is actually present in the building, but rather is used to connote a dwelling place as opposed to a structure not used as a residence.").

At the risk of redundancy, it is clear that when a criminal burglarizes one's habitation, it presents a serious potential risk of physical injury to others, regardless of whether or not someone was also present in the dwelling "at the time" of the offense. As James found, burglary presents the very real "possibility of a face-to-face confrontation between the burglar and a third party – whether an occupant, a police officer, or a bystander – who comes to investigate" which the Supreme Court described as the "main risk of burglary." Id. at 1594-95 (finding that even attempted burglary presents this serious potential risk of harm).

James directs courts to consider the elements of the offense in the ordinary case. 127 S.Ct. at 1597. When the defendant was convicted of burglary in the instant case, the Ohio statute provided in relevant part:

2911.12 Burglary

(A) No person, by force, stealth, or deception, shall do any of the following:

(1) Trespass in an **occupied structure** or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense or any felony;

(2) Trespass in a permanent or temporary habitation of any person **when any person is present or likely to be**

>   **present**, with purpose to commit in the habitation any misdemeanor that is not a theft offense;
>
>   (3) Trespass in a permanent or temporary habitation of any person **when any person is present or likely to be present**.

Baldwin's Ohio Revised Code Annotated, Appendix to Title XXIX Crimes - Procedure (Law Effective Prior to July 1, 1996) (emphasis added).

Patently, as required by subsections (A)(2) and (A)(3), when a person "is present or likely to be present," there is a "serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); James, 127 S.Ct. at 1594-95; Lane, 909 F.2d at 903.

And, subsection (A)(1) prohibits burglaries committed in "occupied structures." So, the precise issue for this Court is whether the Ohio statute, which criminalizes burglaries committed in "occupied structures," falls within the "otherwise" clause of ACCA, 18 U.S.C. § 924(e). And, the Sixth Circuit has answered that it does – regardless of whether someone is actually present at the time the offense is committed. Lane, 909 F.2d at 903 (citing ACCA, § 924(e)(2)(B)(ii) and Ohio Revised Code § 2911.12); James, 127 S.Ct. at 1597 (citing Lane). Although burglarizing an occupied structure when someone is actually present at the time would heighten, or aggravate, the risk of injury, burglary nonetheless presents a serious risk of harm to others, and therefore burglary under the Ohio statute is a "violent felony" warranting an

enhancement under ACCA's "otherwise" clause, § 924(e)(2)(B)(ii). Lane, 909 F.2d at 903; James, 127 S.Ct. at 1597.

Defining "occupied structure," section 2909.01 of Ohio Revised Code states:

> (C) "Occupied structure" means any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:
> (1) It is **maintained as a permanent or temporary dwelling**, even though it is temporarily unoccupied and whether or not any person is actually present.
> (2) At the time, **it is occupied as the permanent or temporary habitation** of any person, whether or not any person is actually present.
> (3) At the time, **it is specially adapted for the overnight accommodation** of any person, whether or not any person is actually present.
> (4) At the time, **any person is present or likely to be present** in it.

(emphasis added). According to the Legislative Service Commission:

> This section supplies a definition of "occupied structure" for use not only in connection with the arson offenses, but also for use elsewhere in the new code, e.g. sections 2911.11 and 2911.12 (aggravated burglary and burglary). The definition's general concept is that the actual or likely presence of a person in a structure, regardless of the nature of the structure itself, creates a more serious risk of harm from commission of arson, burglary, and related offenses, and thus warrants more severe treatment of offenders.

In its simplest terms, then, an "occupied structure" is a place "in which a person is actually or likely to be present." Lane, 909 F.2d at 903 (citing § 2909.01). The Sixth Circuit in Lane noted that: "The definition's general concept is that the actual or likely presence of a person in a structure, regardless of the nature of the structure itself, creates a more serious risk of

harm" and that, therefore, burglary under the Ohio statute is a "violent felony" warranting an enhancement under ACCA's "otherwise" clause, § 924(e)(2)(B)(ii). Id. (citation omitted).

Finally, as the Supreme Court stated in James: "ACCA does not require metaphysical certainty. Rather, § 924(e)(2)(B)(ii)'s residual provision speaks in terms of a 'potential risk.' These are inherently probabilistic concepts. Indeed, the combination of the two terms suggests that Congress intended to encompass possibilities even more contingent or remote than a simple 'risk,' much less a certainty." 127 S.Ct. at 1597.

And, Taylor's categorical approach does not require "that every conceivable factual offense covered by a statute must necessarily present a serious potential risk of injury before the offense can be deemed a violent felony." 127 S.Ct. at 1597. In some cases, "the risk of physical injury to another approaches zero" but, that does not mean that the offenses are categorically nonviolent. Id. "As long as the offense is of a type that, by its nature, presents a serious potential risk of injury to another, it satisfies the requirements of §924(e)(2)(B)(ii)'s residual provision." Id.

Burglary in Ohio is precisely such an offense; and, the Sixth Circuit has found that burglary in Ohio "presents a serious potential risk of physical injury to another." Lane, 909 F.2d at 903 (citation and internal quotation marks omitted); James, 127 S.Ct. 1586 at n. 3 (citing Lane).

WHEREFORE, it is respectfully submitted that, for all of these reasons, this Court should find that the defendant's prior conviction for burglary in Ohio is a "violent felony" pursuant to ACCA, § 924(e)(2)(B).

    Respectfully submitted,

    MARY BETH BUCHANAN
    United States Attorney

    s/Christine A. Sanner
    CHRISTINE A. SANNER
    Assistant U.S. Attorney
    PA ID No. 85039