IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     )
                            )
         v.            )    CRIMINAL NO. 05-24 ERIE
                            )
BARRY WAYNE LEWIS            )

<u>CHANGE OF PLEA</u>

Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Courtroom C, U.S. Courthouse, Erie,

Pennsylvania, on Friday, March 23, 2007.

<u>APPEARANCES</u>:

        CHRISTINE A. SANNER, Assistant United States
        Attorney, appearing on behalf of the Government.

        THOMAS W. PATTON, Assistant Federal Public
        Defender, appearing on behalf of the Defendant.

        Ronald J. Bench, RMR - Official Court Reporter

2

P R O C E E D I N G S

(Whereupon, the proceedings began at 1:30 p.m., on Friday, March 23, 2007, in Courtroom C.)

THE COURT:  Mr. Lewis, I'm informed that you wish to change the plea that you previously entered at Count One of Indictment No. 05-24 Erie to a plea of guilty, is that correct?

THE DEFENDANT:  Yes, sir.  I just want to get this over with.

THE COURT:  All right.  Well, we'll go though it, then, just listen to my questions, let me go right into my colloquy.  Before accepting your guilty plea, there are a number of questions that I will ask you to make certain that it is a valid plea.  If you do not understand any question I ask you, please tell me, I will explain it to you and I will give you an opportunity to consult with Mr. Patton.  I give you these instructions because it is essential to a valid plea that you understand every question before you answer.  Would you please administer the oath.

DEPUTY CLERK:  Could you please raise your right hand.

(Whereupon, the Defendant, BARRY WAYNE LEWIS, was sworn.)

THE COURT:  Do you understand that now that you have

1    been sworn, your answers to my questions are subject to the

2    penalties of perjury or of making a false statement if you do

3    not answer truthfully?

4                THE DEFENDANT:  Yes, sir.

5                THE COURT:  Would you please tell me your full name?

6                THE DEFENDANT:  My full name is Barry Wayne Lewis.

7                THE COURT:  How old are you?

8                THE DEFENDANT:  I'm 48.

9                THE COURT:  How far did you in school?

10               THE DEFENDANT:  10th grade, sir.

11               THE COURT:  Can you communicate in English?

12               THE DEFENDANT:  What do you mean communicate in

13   English?

14               THE COURT:  Well, do you understand English?

15               THE DEFENDANT:  Oh, yeah.

16               THE COURT:  And you can speak it?

17               THE DEFENDANT:  Yes, sir.

18               THE COURT:  Has that been your experience, Mr.

19   Patton?

20               MR. PATTON:  Yes, sir.

21               THE COURT:  Have you taken any drugs or medication

22   or have you drunk any alcoholic beverages in the past 24 hours?

23               THE DEFENDANT:  Just my psyche meds, sir.

24               THE COURT:  What are you taking?

25               THE DEFENDANT:  I take Wellbutrin and I take

4

1    Seroquel for hearing voices and stuff like that.

2            THE COURT:  All right.  Do those medications that

3    you're taking in any way make your thinking so cloudy that you

4    don't understand what's going on or do you understand what's

5    going on?

6            THE DEFENDANT:  I understand fully, sir.

7            THE COURT:  Are you now or have you recently been

8    hospitalized or treated for a narcotic addiction?

9            THE DEFENDANT:  No, sir, I'm drug free.

10            THE COURT:  Okay.  You do understand what is

11    happening here today, is that right?

12            THE DEFENDANT:  Yes, sir.

13            THE COURT:  Does either counsel have any doubt about

14    the competence of Mr. Lewis to plead guilty at this time to the

15    charge contained in the Indictment; Ms. Sanner?

16            MS. SANNER:  No, your Honor.

17            THE COURT:  Mr. Patton?

18            MR. PATTON:  No, sir.

19            THE COURT:  I find that the defendant is competent.

20    Do you have a lawyer with you?

21            THE DEFENDANT:  Yes, Tom W. Patton, right here.

22            THE COURT:  Have you had a sufficient opportunity to

23    discuss your case with him?

24            THE DEFENDANT:  Yes, sir, we discussed it.

25            THE COURT:  And are you satisfied with the work that

1    Mr. Patton has done for you?

2              THE DEFENDANT:  He worked real hard for me, sir.

3              THE COURT:  Yes, he did.  And are you satisfied with

4    the work that he's done for you?

5              THE DEFENDANT:  Yes, sir, I am.

6              THE COURT:  All right.  Do you understand that if

7    you continue to plead not guilty and do not change your plea,

8    you would have the right to be assisted by an attorney at the

9    trial of the charge against you?

10              THE DEFENDANT:  Could you run that back to me again.

11              THE COURT:  Yes.  Do you understand that if you

12    continue to plead not guilty and do not change your plea, you

13    would have the right to be assisted by an attorney at the trial

14    of the charge against you?

15              THE DEFENDANT:  Yes, sir, I understand that.

16              THE COURT:  And do you understand that if you did

17    not enter a guilty plea and that if you qualified financially,

18    you would be entitled to be assisted by an attorney at no cost

19    to you at every phase of the processing of the charge, do you

20    understand that?

21              THE DEFENDANT:  Yes, sir.

22              THE COURT:  Do you understand that if you did not

23    plead guilty and that if there were a trial, under the

24    Constitution and laws of the United States, you would be

25    entitled to a speedy trial by a judge and jury on the charge,

1    do you understand that?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  Do you understand that if there were a

4    trial, you would be presumed to be innocent at the trial of the

5    charge against you?

6            THE DEFENDANT:  Yes, sir, I understand that.

7            THE COURT:  Do you understand that if there were a

8    trial, the government would be required to prove your guilt by

9    competent evidence and beyond a reasonable doubt before you

10   could found to be guilty?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  Do you understand that if there were a

13   trial, you would not have to prove that you were innocent, do

14   you understand that?

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  Do you understand that if there were a

17   trial, the jury would have to be unanimous in order to find you

18   guilty of the charge?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  Do you understand that if there were a

21   trial, you would have the right to participate in the selection

22   of the jury; that you would have the right to strike or

23   eliminate any prospective juror if it was demonstrated that the

24   juror would be unable to render a fair and impartial verdict;

25   and that you would the right to strike or eliminate ten jurors

1    from the jury and one alternate juror without giving any reason

2    at all for so doing?

3              THE DEFENDANT:  Yes, your Honor, I understand.

4              THE COURT:  Do you understand that if there were a

5    trial, the witnesses for the government would have to come to

6    court and they would have to testify in your presence?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Do you understand that if there were a

9    trial, your counsel could cross-examine the witnesses for the

10   government, object to evidence offered by the government and

11   then offer evidence on your behalf?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Do you understand that if there were a

14   trial, the government would have to pay witness fees to

15   witnesses which you wished to call on your behalf if you

16   qualified as being financially unable to pay the fees?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Do you understand that if there were a

19   trial, you would have the right to testify if you chose to?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Do you understand that if there were a

22   trial, you would have the right not to testify and that no

23   inference or suggestion of guilt could be drawn from the fact

24   that you did not testify?

25             THE DEFENDANT:  Yes, your Honor, I understand.

1          THE COURT:  If you plead guilty and I accept your

2     plea, do you understand that you will waive your right to a

3     trial and the other rights I mentioned to you, that there will

4     be no trial, and that I will enter a judgment of guilt and

5     sentence you on the basis of your guilty plea after considering

6     a presentence report?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  If you plead guilty, do you understand

9     that you will also have to waive your right not to incriminate

10    yourself, because I'm going to ask you questions about what you

11    did in order to satisfy myself that you are guilty as charged

12    and that you will have to acknowledge your guilt?

13         THE DEFENDANT:  Yes, sir, I understand.

14         THE COURT:  Now that I have mentioned all your

15    rights to you, do you still wish to plead guilty?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Have you received a copy of the

18    Indictment naming you, and have you discussed with your counsel

19    the charge in the Indictment to which you intend to plead

20    guilty?

21         THE DEFENDANT:  Yes, I sure did.

22         THE COURT:  Do you understand that you are charged

23    in Count One as follows:  "On or about March 28, 2005, in

24    Warren County, in the Western District of Pennsylvania, the

25    defendant, Barry Wayne Lewis, after having been convicted on or

1   about July 2, 1982, at Docket No. CR169043, in the Court of

2   Common Pleas, County of Cuyahoga, Criminal Division, State of

3   Ohio, of the crime of abduction, which is a crime punishable by

4   imprisonment for a term exceeding one year, and having been

5   convicted on or about March 14, 1991, at Docket No. CR255224,

6   in the Court of Common Pleas, County of Cuyahoga, State of

7   Ohio, of the crime of burglary, which is a crime punishable by

8   imprisonment for a term exceeding one year, and having been

9   convicted on or about August 7, 1995, in the Superior Court,

10  County of San Diego, Criminal Division, State of California, of

11  the crime of assault with a deadly weapon, which is a crime

12  punishable by imprisonment for a term exceeding one year, did

13  knowingly possess in and affecting interstate commerce, a

14  firearm as defined in Title 18, United States Code, Section

15  921(a)(3); specifically, a Marlin, .30-30 caliber lever action

16  rifle, Model 336.

17          In violation of Title 18, United States Code,

18  Sections 922(g)(1) and 924(e)."  Do you understand the charge?

19          THE DEFENDANT:  Yes, sir, I understand.

20          THE COURT:  Do you understand that in order for the

21  crime of possession of a firearm by a convicted felon, in

22  violation of Title 18, United States Code, Sections 922(g)(1)

23  and 924(e), to be established, the government must prove all of

24  the following essential elements beyond a reasonable doubt:

25          One.  The defendant was convicted of a crime

1   punishable by imprisonment for a term exceeding one year.

2           Two.  The defendant thereafter possessed a firearm.

3           Three.  Said firearm was possessed in or affecting

4   interstate commerce.

5           Do you understand the elements of this crime?

6           THE DEFENDANT:  Yes, sir, I do.

7           THE COURT:  Do you understand that the maximum

8   punishment is a term of imprisonment of not more than 10 years.

9   However, if it is determined that the defendant has three

10   previous convictions for a violent felony or a serious drug

11   offense, or both, then pursuant to 18 U.S.C. Section 924(e),

12   the term of imprisonment is not less than 15 years to a maximum

13   of life imprisonment.

14           A fine of not more than $250,000.

15           A term of supervised release of three years; or five

16   years if 18 U.S.C. 924(e) applies.

17           As well as a mandatory special assessment of $100.

18           Do you understand the maximum penalties for a

19   violation of Count One?

20           THE DEFENDANT:  Yes, sir.  Your Honor, I'm sorry.

21   I said yes, your Honor.

22           THE COURT:  That's fine.  Now, has anybody made any

23   threat to you or to anyone else that has forced you in any way

24   to plead guilty today?

25           THE DEFENDANT:  No, your Honor.

1          THE COURT:  Has there been a plea agreement in this

2  case?

3          MS. SANNER:  Yes, your Honor.

4          THE COURT:  What are its material terms?

5          MS. SANNER:  The plea agreement is dated December

6  30, 2005.  And it sets forth the full and complete agreement

7  between the parties.

8          Pursuant to the plea agreement, the defendant will

9  be sentenced under the Sentencing Reform Act.  The facts

10  relevant to sentencing will be determined initially by the

11  United States Probation Office and finally by the United States

12  Court by a preponderance of the evidence.

13          Pursuant to the plea agreement, the defendant will

14  enter a plea of guilty to Count One of the Indictment.  He will

15  deposit a special assessment of $100.

16          And he waives the right to take a direct appeal

17  subject to the following exceptions.  First, if the United

18  States appeals from the sentence, the defendant may take a

19  direct appeal from the sentence.  Second, if the sentence

20  exceeds the applicable statutory limits or the sentence

21  unreasonably exceeds the guideline range determined by the

22  court, the defendant may take a direct appeal of his sentence.

23          And finally a condition of his guilty plea, the

24  defendant may take a direct appeal from his conviction limited

25  to the following issue.  Whether the district court erred in

1    denying Lewis's motion to suppress evidence.

2            The defendant further waives his right to file a

3    motion to vacate sentence under 28 U.S.C. Section 2255.

4            The United States Attorney retains the right of

5    allocution at the time of sentencing.

6            The United States Attorney will move that pursuant

7    to the Sentencing Guidelines, the court reduce the offense

8    level by three levels for acceptance of responsibility.

9            And the United States Attorney will take any

10   position she deems appropriate in the course of any appeals or

11   in response to any post-sentence motions.

12           The parties agree that the maximum penalty is a term

13   of imprisonment of not more than 10 years.  However, if the

14   defendant has three previous convictions for a violent felony

15   or a serious drug offense, or both, then there is a minimum

16   term of 15 years to a maximum of life imprisonment.  In

17   addition, there is a fine of not more than $250,000.  A term of

18   supervised release of three years, or five years if 924(e)

19   applies.  A special assessment of $100.

20           The letter sets forth the full and complete

21   agreement between the parties, there are no other agreements,

22   promises, terms or conditions, express or implied.

23           The agreement was signed by the defendant today,

24   March 23, 2007.  And the government offers Exhibit 1.

25           THE COURT:  All right.  Mr. Patton, by virtue of the

1    terms of the plea agreement, did the defendant waive his right

2    to challenge the court's ruling on the motion to dismiss on the

3    basis of speedy trial?

4            MR. PATTON:  Yes, the government said if we insisted

5    on trying to have a plea agreement include that provision, that

6    instead of recommending the three levels for acceptance of

7    responsibility, they would only recommend the two levels for

8    acceptance of responsibility.  And since that was going to be

9    their position on this, even though the suppression hearing

10   took place in October of 2005, the government's position is

11   based on the office's now position that if you litigate a

12   motion to suppress, you don't get the third point.  And if a

13   new plea agreement was negotiated to include that Mr. Lewis be

14   able to appeal the speedy trial issue, that they would then

15   take the position that they would not give the third point for

16   acceptance of responsibility.

17           THE COURT:  All right.  Mr. Lewis, did you have an

18   opportunity to read and review that plea agreement before you

19   came to court today?

20           THE DEFENDANT:  Yes, me and my lawyer went over it

21   there, your Honor.

22           THE COURT:  You and your lawyer discussed it, is

23   that right?

24           THE DEFENDANT:  Yes.

25           THE COURT:  And having reviewed it with Mr. Patton,

1  do you understand it?

2          THE DEFENDANT:  Yes, I understand.

3          THE COURT:  Do you agree with it?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  All right.  Did you sign it?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you understand that by signing it,

8  you were attesting, by virtue of your signature, to the fact

9  that you agree with its terms and conditions?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Has it been identified?

12          MS. SANNER:  Yes, it has been offered into evidence,

13  your Honor.

14          THE COURT:  If I didn't already say it, it's

15  admitted.  Has anybody made any promise, other than the plea

16  agreement, that has caused you to plead guilty today?

17          THE DEFENDANT:  No, your Honor.

18          THE COURT:  And do you understand that I'm not

19  required to accept the plea agreement that you've entered into

20  and may reject it.  But if I do reject the plea agreement, you

21  would be advised in open court and you would have the

22  opportunity to withdraw your guilty plea.  If the plea

23  agreement is rejected, you may nevertheless continue your plea

24  of guilty, and if you persist in your guilty plea after the

25  plea agreement is rejected, your sentence, or the disposition

15

1    of this case, may be less favorable to you than that proposed

2    in the plea agreement; do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Do you understand that the offense to

5    which you are pleading guilty is a felony offense, that if your

6    plea is accepted, you will be adjudged guilty of that offense

7    and that such adjudication may deprive you of valuable civil

8    rights, such as the right to vote, hold public office, serve on

9    a jury, and the right to possess any type of firearm; do you

10   understand that?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Under the Sentencing Reform Act of

13   1984 -- Mr. Lewis, I'm going to let you sit down, why don't you

14   take a sit, we'll finish this from counsel table.  Under the

15   Sentencing Reform Act of 1984, the United States Sentencing

16   Commission has issued guidelines for judges to follow in

17   determining sentences in criminal cases for offenses occurring

18   after November 1, 1987.  Have you and Mr. Patton talked about

19   how the guidelines might apply to your case and the fact that

20   the guidelines are now advisory?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Do you understand that I'm not going to

23   be able to determine the advisory guideline sentence for your

24   case until after the presentence report has been completed and

25   you and the government have had an opportunity to challenge the

1    facts reported by the probation officer?

2              THE DEFENDANT:  Yes, your Honor, I understand that.

3              THE COURT:  All right.  Do you understand that after

4    it has been determined what guideline sentence applies to a

5    case, the judge has the authority in some circumstances to

6    impose a sentence that is more severe or less severe than that

7    called for by the Sentencing Guidelines?

8              THE DEFENDANT:  Yes, your Honor, I understand.

9              THE COURT:  Do you understand that under certain

10   circumstances you or the government may have the right to

11   appeal any sentence that the court imposes?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  But, specifically, I want to ask you now

14   by virtue of the plea agreement, you understand that your right

15   to appeal has been limited by virtue of the terms of the plea

16   agreement and consistent with the description that was just

17   given by the U.S. Attorney, do you understand that?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  All right.  And do you understand that

20   parole has been abolished, and that if you are sentenced to a

21   term of imprisonment, you will not be released on parole?

22             THE DEFENDANT:  Well, I got a little question there,

23   I don't understand that one.

24             MR. PATTON:  May I have a moment, your Honor.

25             THE COURT:  Do you want to ask Mr. Patton first.

1              (Discussion held off the record between the

2    Defendant and Defense Counsel.)

3              THE DEFENDANT:  I understand, your Honor.

4              THE COURT:  All right, let me ask the question again

5    just so it's clear.  Do you understand that parole has been

6    abolished -- you know what parole is, don't you?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  And that if you are sentenced to a term

9    of imprisonment, you will not released on parole, do you

10   understand that?

11             THE DEFENDANT:  Yes, I understand.

12             THE COURT:  Do you understand that if the sentence

13   turns out to be more severe than you expected it to be, you

14   would still be bound by your guilty plea and you would have no

15   right to withdraw it?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Except for your discussions with Mr.

18   Patton about Sentencing Guidelines, has anybody made any

19   prediction or promise to you about what your sentence will be?

20             THE DEFENDANT:  No.

21             THE COURT:  Has anything that I've said here today

22   suggested to you what your actual sentence will be?

23             THE DEFENDANT:  No, sir.

24             THE COURT:  Have you been instructed by your

25   counsel, by government counsel, or by anybody else to respond

1    untruthfully to any question about a promised sentence?

2    THE DEFENDANT:  No, your Honor.

3    THE COURT:  All right.  Mr. Lewis, did you, as

4    charged in the Indictment and as previously read to you be me,

5    commit the offense as charged?

6    THE DEFENDANT:  Yes, I did, I would like to explain

7    myself later on if I can, though.

8    MR. PATTON:  One moment, your Honor.

9    (Discussion held off the record between the

10    Defendant and Defense Counsel.)

11    THE DEFENDANT:  Yes, your Honor, I understand.

12    THE COURT:  Okay.  I just read you what the charge

13    in Indictment was, that is possession of a firearm by a felon,

14    you heard me read the details of that.  Did you commit the

15    offense as laid out by the government in the Indictment?

16    THE DEFENDANT:  Yes, your Honor.

17    THE COURT:  Okay.  Now, was there something else you

18    wanted to tell me?

19    THE DEFENDANT:  Well, your Honor, I just wanted to

20    tell you how I was thinking that night when I possessed this

21    firearm.

22    (Discussion held off the record between the

23    Defendant and Defense Counsel.)

24    THE COURT:  Those sound like sentencing issues to

25    me?

1          MR. PATTON:  Exactly.  I was talking with Mr. Lewis,

2    to the extent he wants to do any explaining as to what

3    happened --

4          THE COURT:  He'll have the opportunity to do that at

5    sentencing.

6          MR. PATTON:  Correct, your Honor.  I've explained

7    that to Mr. Lewis.

8          THE COURT:  All right.

9          THE DEFENDANT:  Okay.

10          THE COURT:  Now, Ms. Sanner, what would be the

11    government's evidence if this case proceeded to trial?

12          MS. SANNER:  Your Honor, if the case proceeded to

13    trial, the government would present evidence and testimony that

14    on March 28, 2005, at approximately 10 in the evening in Warren

15    County, Pennsylvania, Deputy Sheriff Keith Sorensen was on duty

16    at the corner of Hickory Street and Fourth Avenue.  He observed

17    two males, one of whom was the defendant, Barry Wayne Lewis.

18    Lewis appeared to be carrying and attempting to conceal from

19    the officer a rifle that was wrapped in a blanket and which

20    protruded from a garbage bag.

21          Warren City police officer Brian Gulnac arrived.

22    Deputy Sorensen then approached the defendant and asked what he

23    was carrying.  The defendant advised the deputy that the object

24    was a rifle.  Lewis identified himself and a criminal check was

25    performed, resulting in an extraditable warrant for the

20

1    defendant from California.

2          The defendant was transported to the Warren station

3    of the Pennsylvania State Police, where he waived his rights

4    under Miranda and made a statement admitting to possessing the

5    firearm.

6          The firearm was a Marlin .30-30 caliber lever action

7    rifle, model 336.  The firearm was possessed in or affecting

8    interstate commerce.

9          Lewis is a multi-state offender with prior felony

10   convictions; including a July 2, 1982 conviction in the Court

11   of Common Pleas, County of Cuyahoga, Criminal Division, State

12   of Ohio, of the crime of abduction.  A March 14, 1991

13   conviction, in the Court of Common Pleas, County of Cuyahoga,

14   State of Ohio, for the crime of burglary.  And an August 7,

15   1995 conviction, in the Superior Court, County of San Diego,

16   Criminal Division, State of California, of the crime of assault

17   with a deadly weapon.  All of these crimes are punishable by

18   imprisonment for a term exceeding one year.  That would

19   summarize the government's testimony and evidence at trial.

20         THE COURT:  All right.  Mr. Lewis, you just heard

21   what Ms. Sanner said, do you agree with everything she just

22   said?

23         MR. PATTON:  Your Honor, Ms. Sanner indicated that

24   Mr. Lewis tried to hide the object from the deputy sheriff, I

25   don't know if you recall from the suppression hearing, the

1    testimony was the deputy sheriff pulled up to a stoplight and

2    Mr. Lewis and his cousin walked in front of the vehicle.  It is

3    our position that Mr. Lewis was not trying to hide this object.

4            THE COURT:  All right, that's noted, I think that

5    was probably the position at the suppression hearing as well.

6    But it's not an element of the offense anyways?

7            MR. PATTON:  That's correct.

8            THE COURT:  But aside from that, do you agree with

9    everything that she said?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  Okay.  Mr. Lewis, do you still wish to

12   plead guilty?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  Mr. Patton, is it your advice that he do

15   so?

16           MR. PATTON:  Yes, sir.

17           THE COURT:  Because you knowledge that you are in

18   fact guilty as charged in Count One, because you know about

19   your right to a trial, because you are voluntarily pleading

20   guilty, I will accept your guilty plea and enter a judgment of

21   guilty on your plea to Count One of Indictment No. 05-24 Erie.

22           It is therefore the finding of the court in the case

23   of United States v. Barry Wayne Lewis that this defendant is

24   fully competent and capable of entering an informed plea, and

25   that his plea of guilty is a knowing and voluntary plea

22

1    supported by an independent basis in fact containing each of

2    the essential elements thereof and therefore the plea is

3    accepted and the defendant is now adjudged guilty of the

4    charge.

5            Would you please have Mr. Lewis and his counsel

6    execute the change of plea.

7            (Whereupon, the Change of Plea was executed by the

8    Defendant and Defense Counsel.)

9            MR. PATTON:  Your Honor, I believe it is apparent

10   from this proceeding, but I just want to indicate that we are

11   in no way, shape or form agreeing that Section 924(e) applies.

12   We're not agreeing that Mr. Lewis is an armed career criminal.

13   That's why the statutory maximums were laid out in the

14   alternative.  The statutory maximum is 10 years unless Mr.

15   Lewis has three priors.

16           THE COURT:  You're not agreeing to the predicates

17   that would make him a career criminal?

18           MR. PATTON:  Correct.

19           THE COURT:  The record is clear on that.

20           Now, Mr. Lewis, a presentence report is going to be

21   prepared by the United States probation officer.  And it will

22   be in your best interests to cooperate with him in furnishing

23   information for the report, because that report will be

24   important in my decision as to what your sentence will be.  You

25   and your counsel will have the right and you'll have the

1    opportunity to examine that report before the sentencing.

2            The disposition of sentencing in this case is set

3    for July 9, 2007 at 10 a.m.  All right, we're adjourned.

4

5            (Whereupon, at 1:54 p.m., the Change of Plea

6    proceedings were concluded.)

7

8                                - - -

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# C E R T I F I C A T E

1
2
3
4
5     I, Ronald J. Bench, certify that the foregoing is a
6  correct transcript from the record of proceedings in the
7  above-entitled matter.
8
9
10
11
12  _____
13  Ronald J. Bench
14
15
16
17
18
19
20
21
22
23
24
25